1998 ND 214

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Christopher VICK, Defendant and Appellant.**

**Criminal No. 980197**

Supreme Court of North Dakota.

Dec. 22, 1998.

Robin Huseby, State's Attorney, Valley City, for plaintiff and appellee.

James A. Wentz, Jamestown, for defendant and appellant.

NEUMANN, Justice.

[¶ 1] Christopher Vick appeals the amended judgment of the trial court requiring him to pay restitution of $100 to John Mandy and $2,255.76 to State Farm Insurance Company. We modify the judgment of the trial court, and affirm as modified.

I

[¶ 2] On June 3, 1998, based on a plea agreement, the trial court entered an amended judgment dismissing four criminal charges and accepting guilty pleas to felony charges of unlawful entry into a vehicle, and theft, possession of stolen property, and to one misdemeanor, leaving the scene of an accident. The trial court also noted a restitution hearing had been held on June 2, 1998. Based on the hearing, the trial court set the restitution amount at $2,355.76, ordering Vick to pay restitution of $100 to John Mandy and $2,255.76 to State Farm Insurance Company, John Mandy's insurance carrier.

[¶ 3] Vick appeals the amended judgment, arguing the trial court erred by awarding restitution to State Farm Insurance Company when State Farm did not request restitution or appear at the restitution hearing.[1]

II

[¶ 4] This Court has not had occasion to discuss the standard of review for a resti-

---

1. Vick asserted other arguments in his briefs filed prior to oral argument. However, at oral argument counsel waived all arguments except the issue of restitution for the insurance company.

**568** 

tution order under N.D.C.C. § 12.1–32–08. A trial court when ordering restitution is exercising statutory powers. Consequently, appellate review of such an exercise will be confined to whether the trial court acted within the limits prescribed by the statute. This standard of review in a similar context has been called the abuse of discretion standard. *See, e.g., State v. Magnuson,* 1997 ND 228, ¶ 23, 571 N.W.2d 642 (noting appellate review of criminal sentences are confined to whether the court acted within the sentencing limits prescribed by statute); *State v. Gates,* 540 N.W.2d 134, 137 (N.D.1995) (stating the review of a trial court's decision to revoke probation is an abuse of discretion standard and is confined to whether the judge acted within the limits prescribed by statute); *see also Aldridge v. State,* 956 P.2d 341, 343 (Wyo.1998) (stating appellate review of restitution orders is confined to a search for procedural error or a clear abuse of discretion).

██ [¶ 5] Vick argues it was error for the State to speak on behalf of State Farm Insurance Company at the restitution hearing. Section 12.1–32–08, N.D.C.C., provides:

> The court, when sentencing a person adjudged guilty of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, *shall* order that the defendant make restitution to the victim *or other recipient* as determined by the court, unless the court states on the record, based upon the criteria in this subsection, the reason it does not order restitution or orders only partial restitution. (Emphasis added.)

[¶ 6] Section 12.1–32–08, N.D.C.C., makes the ordering of restitution mandatory. Under this mandatory scheme, it does not change a trial court's obligation to order restitution when a victim or other recipient does not specifically request restitution. *See State v. Steffy,* 173 Ariz. 90, 839 P.2d 1135, 1138 (Ariz.Ct.App.1992).

██ [¶ 7] Vick also argues State Farm Insurance Company is not a victim under N.D.C.C. § 12.1–32–08. As the court in *Steffy* noted, " '[t]he insurance company indemnifying [the victim] for losses as a result of

[defendant's] criminal conduct is in the same position of economic loss as [the victim].' " *Steffy,* 839 P.2d at 1139–40 (quoting *State v. Morris,* 173 Ariz. 14, 839 P.2d 434, 436 (Ariz.Ct.App.1992)). We find this rationale compelling, especially when State Farm Insurance Company has suffered pecuniary damage by paying for the damage to the insured's car caused by the actions of Vick. The trial court did not abuse its discretion by ordering restitution be paid to State Farm Insurance Company.

[¶ 8] As the State conceded at oral argument, the judgment reflects an error in the amount of restitution to be paid. The record shows John Mandy paid $100, the amount of his deductible, to repair the damages caused to his car. The record also reflects State Farm Insurance Company issued a check in the amount of $2,055.76 payable to the body shop making the repairs on John Mandy's car. We direct the amendment of the judgment to reflect these amounts.

### III

[¶ 9] We affirm the judgment of the trial court as amended to reflect the correct amounts of restitution.

[¶ 10] VANDE WALLE, C.J., and MARING, KAPSNER, and SANDSTROM, JJ., concur.

