2001 ND 190

STATE of North Dakota, Plaintiff
and Appellee,

v.

Lesa M. KENSMOE, n/k/a Lesa
Benedict, Defendant and
Appellant.

No. 20010183.

Supreme Court of North Dakota.

Dec. 5, 2001.

Birch P. Burdick, State's Attorney, Courthouse, Fargo, N.D., for plaintiff and appellee.

William S. Kirschner, Las Cruces, N.M., for defendant and appellant.

Robert P. Bennett, Attorney General's Office, Bismarck, N.D., amicus curiae.

SANDSTROM, Justice.

[¶ 1] Lesa Kensmoe (now known as Lesa Benedict) appealed from a Cass County District Court restitution order extending her probation period. Kensmoe also argued N.D.C.C. § 29–08–28, authorizing a district court to apply bail posted by a third party to the defendant's restitution, costs, or fines, is unconstitutional.

Concluding the trial court acted within its statutory power in extending Kensmoe's probation period and concluding Kensmoe did not properly preserve her constitutional challenge for appeal, we affirm.

I

[¶ 2] Lesa Kensmoe was convicted of theft of property, a class B felony, on June 3, 1996. She was sentenced to ten years in prison, with nine years suspended. Following her release from prison, Kensmoe was placed under supervised probation for five years. Kensmoe's probation included the payment of restitution in an amount to be determined at a subsequent restitution hearing.

[¶ 3] Kensmoe was not present at the July 26, 1996, restitution hearing at which the district court ordered Kensmoe to pay restitution of $24,000 at a rate of $200 per month following her release from custody. As of July 13, 2001, Kensmoe had paid a total of $1665.

[¶ 4] On March 19, 2001, the State filed a petition for revocation of probation, alleging Kensmoe had violated her probation by failing to pay the $200-per-month restitution. On July 5, 2001, Kensmoe filed a motion to vacate the restitution order because she was not present at the hearing and because she did not have the ability to pay the ordered restitution. Kensmoe also requested a new restitution hearing.

[¶ 5] On July 23, 2001, the district court granted Kensmoe's motion to vacate the restitution order of June 3, 1996, because she was not present at the hearing. The district court also dismissed the State's motion to revoke probation. On the same day, the district court entered a second restitution order based on the July 13, 2001, restitution hearing. Kensmoe was present at the July 13, 2001, restitution hearing. The district court found Kensmoe had the ability to pay $200 per

month in restitution and good cause existed to extend Kensmoe's probation period for five years. Accordingly, the district court ordered Kensmoe to pay $200 per month in restitution. The district court also ordered the five hundred dollars of bail posted on Kensmoe's behalf be applied to her restitution obligation. Kensmoe appealed from the district court's second restitution order.

[¶ 6] The district court had jurisdiction under N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 29–28–06.

II

[¶ 7] A district court is exercising its statutory powers when ordering restitution. N.D.C.C. § 12.1–32–08; *State v. Vick*, 1998 ND 214, ¶ 4, 587 N.W.2d 567. Our review of a restitution order is limited to whether the district court acted within the limits set by statute. *Id.* "This standard of review in a similar context has been called the abuse of discretion standard." *Id.* "A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Myer v. Rygg*, 2001 ND 123, ¶ 8, 630 N.W.2d 62.

[¶ 8] The district court imposed restitution as a condition of Kensmoe's probation. North Dakota Century Code § 12.1–32–08(1) provides, in part:

> Before imposing restitution or reparation as a sentence or condition of probation, the court shall hold a hearing on the matter with notice to the prosecuting attorney and to the defendant as to the nature and amount thereof.

In revoking its original restitution order, the district court noted a restitution hear-

ing is part of a sentencing, and a defendant has the right to be personally present at the hearing. The second restitution hearing was conducted within the district court's statutory authority. N.D.C.C. § 12.1–32–08(1).

[¶ 9] Kensmoe argues the district court lacked the authority to "increase" her sentence because the district court acted outside the time limit imposed by N.D.R.Crim.P. 35. Rule 35, N.D.R.Crim.P., provides:

(a) Correction of Sentence. The sentencing court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) Reduction of Sentence. The sentencing court may reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by that court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding a judgment of conviction or probation revocation.

Kensmoe confuses the nature of her restitution. Her restitution was a condition of her probation. The conditions of Kensmoe's probation were modified; her sentence was not. Therefore, her reliance upon N.D.R.Crim.P. 35 is misplaced.

[¶ 10] At the second restitution hearing, Kensmoe's probation was extended for five additional years. Generally, probation imposed for a felony may not exceed five years. N.D.C.C. § 12.1–32–06.1(1). Extension of probation is authorized by statute. N.D.C.C. § 12.1–32–06.1(2).

[¶ 11] If restitution is imposed, "the court may, following a restitution hearing pursuant to section 12.1–32–08, impose an additional period of probation not to exceed five years." N.D.C.C. § 12.1–32–06.1(2). The second restitution hearing was held "pursuant to section 12.1–32–08." Contrary to Kensmoe's assertions, section 12.1–32–08 does not require a restitution hearing to be held prior to a sentencing hearing. The district court acted within its statutory authority in extending Kensmoe's probation for an additional five years. N.D.C.C. § 12.1–32–06.1(2).

III

[¶ 12] Kensmoe argues the extension of her probation for five years is a violation of the state and federal constitutional provisions prohibiting double jeopardy. "The guarantee against double jeopardy protects a 'criminal defendant's 'legitimate expectations' of finality in his or her sentence.'" *Davis v. State*, 2001 ND 85, ¶ 10, 625 N.W.2d 855 (quoting *State v. Lindgren*, 483 N.W.2d 777, 779 (N.D.1992)). The constitutional provision ensures a criminal defendant "will not be subjected to multiple punishments for the same offense." *Davis*, at ¶ 10 (citing *State v. Jones*, 418 N.W.2d 782, 784 (N.D.1988)).

[¶ 13] "A sentence which includes probation is not final." *Davis*, at ¶ 11. "[T]he court may, following a restitution hearing pursuant to section 12.1–32–08, impose an additional period of probation not to exceed five years." N.D.C.C. § 12.1–32–06.1(2). We have stated, resentencing a defendant to a harsher sentence after a violation of a condition of probation "does not subject him to multiple punishments for the same offense." *Davis*, 2001 ND 85, ¶ 11, 625 N.W.2d 855. Likewise, an extension of a probation period does not subject a defendant to multiple punishments for the same offense. Kensmoe's

double jeopardy argument is without merit.

### IV

[¶ 14] Under Rule 10(b), N.D.R.App.P., an appellant has the duty to provide this court with a transcript sufficient to allow "a meaningful and intelligent review of the alleged error." *Sabot v. Fargo Women's Health Org., Inc.,* 500 N.W.2d 889, 892 (N.D.1993) (quoting *Bye v. Elwick,* 336 N.W.2d 106, 109 (N.D.1983)). "An appellant 'assumes the consequences and the risk for the failure to file a complete transcript.' " *City of Fargo v. Erickson,* 1999 ND 145, ¶ 16, 598 N.W.2d 787 (quoting *Sabot,* 500 N.W.2d at 892; *City of Fargo v. Bommersbach,* 511 N.W.2d 563, 566 (N.D.1994)). "If the record on appeal does not allow for a meaningful and intelligent review of alleged error, we will decline review of the issue." *Sabot,* at 892 (quoting *Lithun v. DuPaul,* 447 N.W.2d 297, 300 (N.D.1989)). Kensmoe has failed to file a transcript of the district court proceedings.

[¶ 15] Rule 10(g), N.D.R.App.P., provides for an agreed statement of the record in lieu of the record. There is no such statement.

### V

[¶ 16] Kensmoe alleges N.D.C.C. § 29–08–28 is unconstitutional. Section 29–08–28 provides:

> Except as otherwise provided in this section, moneys deposited as bail are the property of the defendant, whether deposited by the defendant or by a third person on the defendant's behalf. If bail moneys are deposited by a third person, the person must be notified at the time of deposit that the moneys may be paid to the defendant upon final disposition of the case or applied to any fine, cost, or restitution imposed on the defendant. The person may direct, subject to further order of the judge, that the deposited moneys be released to that person upon final disposition of the case. When moneys are accepted by the court as bail, the judge shall order that the moneys received be deposited with the clerk of court. The clerk shall retain the moneys until the final order of the court disposing of the case. Upon release of the moneys held by the clerk, the moneys must be paid to the defendant or pursuant to the defendant's written direction or, unless otherwise ordered by the judge, as directed by a person who deposited moneys on behalf of the defendant. In the case of a conviction, the judge may order the moneys to be applied to any fine, cost, or restitution imposed on the defendant. The balance of the deposit, if any, must be paid to the defendant. Moneys deposited with the court or clerk of court as bail are exempt from garnishment, attachment, or execution.

Kensmoe asserts allowing bail posted by a third party to be applied to restitution, costs, or fines violates the Excessive Bail clause of both the North Dakota and the United States Constitutions. N.D. Const. art. I, § 11; U.S. Const. amend. VIII.

### A

[¶ 17] Various "pre-conditions" must be met before presenting a constitutionality argument to this court. *N.D. Guaranteed Student Loan Program v. Voigt,* 513 N.W.2d 64, 66 (N.D.1994). "[A] question not raised or considered in the trial court cannot be raised for the first time on appeal." *Family Center Drug Store, Inc. v. N.D. State Bd. of Pharm.,* 181 N.W.2d 738, 745 (N.D.1970). This general rule applies to constitutional issues. *Id.* at 746; *State v. Slapnicka,* 376 N.W.2d 33, 36 (N.D.1985).

[¶ 18]   This Court has outlined the numerous reasons for insisting a question be raised in the lower court before it may be heard on appeal.

> "[W]hen an appellate court proceeds on a theory which was not advanced by the parties there is no fair opportunity for the litigants to meet the issues, and there is an increased chance that the appellate court will commit error." *In the Matter of the Application of Center State Bank*, 276 N.W.2d 132, 134 (N.D. 1979).
>
> It is fundamental to the adversary process that each party be afforded an opportunity to bring up its "heavy artillery" in defense of or attack upon an issue, especially if the issue is of a constitutional nature. *See So. Valley Grain Dealers v. Bd. of Cty. Com'rs*, 257 N.W.2d 425 (N.D.1977). More importantly, however, is the danger of usurping the district court's function in the judicial process. By deciding an issue not previously raised, we infringe upon the opportunity of the district court to consider the question as the court of first instance.
>
> ... Although we prefer to reach the merits of each question raised on appeal, we are reluctant to do so at the risk of thwarting an opportunity for all of the parties to develop adequate argument. We are also reluctant to diminish the role of the district court.

*Caldis v. Bd. of County Comm'rs*, 279 N.W.2d 665, 667 (N.D.1979).

[¶ 19]   A party "must do more than merely assert that a statute is [unconstitutional] to appropriately raise a constitutional issue." *Swenson v. Northern Crop Ins., Inc.*, 498 N.W.2d 174, 178 (N.D. 1993) (quoting *State v. Tweed*, 491 N.W.2d 412, 417 n. 5 (N.D.1992)). A party must "bring up the heavy artillery" when asserting constitutional claims. *So. Valley Grain Dealers v. Bd. of County Comm'rs*, 257 N.W.2d 425, 434 (N.D.1977).

[¶ 20]   Here, the record is insufficient to allow us to review whether Kensmoe argued the constitutionality issue to the district court. Kensmoe filed no trial court brief on the issue. We are unable to ascertain whether Kensmoe "brought up the heavy artillery." Kensmoe must "assume[ ] the consequences and the risk for the failure to file a complete transcript." *City of Fargo v. Erickson*, 1999 ND 145, ¶ 16, 598 N.W.2d 787 (quoting *Sabot*, 500 N.W.2d at 892; *City of Fargo v. Bommersbach*, 511 N.W.2d 563, 566 (N.D.1994)). The record on appeal does not allow for a meaningful and intelligent review of the alleged constitutional infirmities of N.D.C.C. § 29–08–28. Accordingly, the issue was not properly preserved for appeal.

### B

[¶ 21]   When an issue has not been properly preserved for appeal, our review of the issue is limited, under N.D.R.Crim.P. 52(b), to whether the alleged error constitutes an obvious error affecting the substantial rights of the defendant. *State v. Prigge*, 437 N.W.2d 520, 521 (N.D.1989). As we recently stated, "[w]e exercise our power to consider obvious error cautiously and only in exceptional circumstances where the defendant has suffered serious injustice." *State v. Miller*, 2001 ND 132, ¶ 25, 631 N.W.2d 587. "[T]o establish obvious error, the defendant has the burden to show (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* "An alleged error does not constitute obvious error unless there is a clear deviation from an applicable legal rule under current law." *Id.* An error must be affirmatively shown by the record. *Id.* at ¶ 26. Error is never presumed. *Id.*

[¶ 22]   Again, our review is hampered by the lack of a complete record. The

record does not affirmatively show the district court erred. The district court correctly presumed N.D.C.C. § 29–08–28 to be constitutional. *State v. Tweed*, 491 N.W.2d 412, 418 (N.D.1992) (a statute is presumed to be constitutional). Nor does the record show the alleged error was obvious. The record is void of any discussion concerning the constitutionality of N.D.C.C. § 29–08–28. Finally, the record does not show how Kensmoe's "substantial rights" were affected. This is not a case where the trial court committed obvious error.

## VI

[¶ 23] The district court's restitution order is affirmed.

[¶ 24] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.