2002 ND 210

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Shaun Dean BINGAMAN, Defendant and Appellant.**

**No. 20020134.**

Supreme Court of North Dakota.

Dec. 23, 2002.

Steven J. Simonson (submitted on brief), Grand Forks, for defendant and appellant.

Sonja Clapp (submitted on brief), Assistant State's Attorney, Grand Forks, for plaintiff and appellee.

MARING, Justice.

[¶ 1] Shaun Bingaman appeals from the Amended Criminal Judgment which sentenced him to pay restitution in the ·amount of $16,261.55 to the family of Timothy Kingsbury. We affirm.

[¶ 2] Bingaman and David Lewandowski were involved in the homicide of Timothy Kingsbury which occurred on October 2, 2000. At trial, Bingaman was convicted of manslaughter and Lewandowski was convicted of negligent homicide. A hearing was held on March 21, 2002, regarding restitution for Kingsbury's medical bills and funeral expenses. The trial court ordered Bingaman to pay one hundred percent of the restitution in the amount of $16,261.55. Lewandowski was not ordered to pay any restitution.

[¶ 3] Bingaman argues on appeal that the trial court abused its discretion when it ordered him to pay one hundred percent of the restitution. Specifically, he claims the underlying facts do not support making him solely responsible for the entire amount of restitution.[1] We disagree.

[¶ 4] Section 12.1–32–08, N.D.C.C., grants to courts the authority to order a criminal defendant to pay restitution. Our Court's review of the exercise of this authority is limited to whether the trial court acted within the prescribed limits of the statute. *See State v. Vick,* 1998 ND 214, ¶ 4, 587 N.W.2d 567. "This standard of review in a similar context has been called the abuse of discretion standard." *Id.* (citation omitted). "A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *State v. Kensmoe,* 2001 ND 190, ¶ 7, 636 N.W.2d 183 (citation omitted).

[¶ 5] The applicable statute, N.D.C.C. § 12.1–32–08(1), provides in pertinent part:

> Before imposing restitution or reparation as a sentence or condition of probation, the court shall hold a hearing on the matter with notice to the prosecuting attorney and to the defendant as to the nature and amount thereof. The court, when sentencing a person adjudged guilty of criminal activities that have resulted in pecuniary damages, in addition to any other sentence it may

---

1. This Court has already disposed of Bingaman's arguments regarding the allegedly prejudicial personal comparisons of Bingaman and Lewandowski that took place during the jury trial and the resulting convictions of manslaughter for Bingaman and negligent homicide for Lewandowski. *See State v. Bingaman,* 2002 ND 202.

impose, shall order that the defendant make restitution to the victim or other recipient as determined by the court, unless the court states on the record, based upon the criteria in this subsection, the reason it does not order restitution or orders only partial restitution. In determining whether to order restitution, the court shall take into account:

a. The reasonable damages sustained by the victim or victims of the criminal offense, which damages are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action. . . .

b. The ability of the defendant to restore the fruits of the criminal action or to pay monetary reparations, or to otherwise take action to restore the victim's property.

c. The likelihood that attaching a condition relating to restitution or reparation will serve a valid rehabilitational purpose in the case of the particular offender considered.

[¶ 6]   In this case, a restitution hearing was held and the trial court issued its Order for Restitution finding:

There was some evidence presented at the hearing that Bingaman may have some interest in some land, which he might have inherited in Benson County. Other than that Bingaman is a manual laborer with virtually no assets.

As to Lewandowski, the trial court found:

He is on medical disability and receives on [sic] $692 per month with his father as the representative payee. He has significant medical and psychological problems. He testified that his medication costs about $200 per month. He also receives food stamps.

The trial court recognized that the jury found Bingaman guilty of manslaughter and Lewandowski guilty of negligent homicide. It also noted the involvement of both defendants in the homicide, albeit at differing degrees.

[¶ 7]   At the restitution hearing, none of the parties disputed the total amount of restitution owed to Kingsbury's family for medical and funeral expenses. The evidence supports that the medical and funeral expenses were a direct result of both defendants' criminal actions, as required by N.D.C.C. § 12.1–32–08(1)(a). *See State v. Pippin*, 496 N.W.2d 50, 53 (N.D.1993) (holding that "there must exist an immediate and intimate causal connection between the criminal conduct and the damages or expenses for which restitution is ordered").

[¶ 8]   Based on its findings in the Order for Restitution, it is clear that the trial court considered the ability of both parties to "restore the fruits of the criminal action or to pay monetary reparations, . . ." N.D.C.C. § 12.1–32–08(1)(b). The trial court found that Bingaman would be able to pay the restitution amount, whereas Lewandowski, with his limited income, would not.

[¶ 9]   The trial court correctly applied N.D.C.C. § 12.1–32–08 and acted within the limits prescribed by the statute. Therefore, the trial court did not abuse its discretion when it ordered Bingaman to pay all of the restitution damages. We affirm the trial court's Amended Criminal Judgment ordering restitution.

[¶ 10] JOHN C. McCLINTOCK, Jr., D.J., and GERALD W. VANDE WALLE, C.J., and CAROL RONNING KAPSNER, and WILLIAM A. NEUMANN, JJ., concur.

[¶ 11] The Honorable JOHN C. McCLINTOCK, Jr., D.J., sitting in place of SANDSTROM, J., disqualified.