Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 12

State of North Dakota, Plaintiff and Appellee

v.

Lukas Jeremy Kostelecky, Defendant and Appellant

No. 20170291

Appeal from the District Court of Mountrail County, North Central Judicial District, the Honorable Stacy Joan Louser, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Justice.

Amber J. Fiesel, Assistant State’s Attorney, Powers Lake, ND, for plaintiff and appellee.

Markus A. Powell, Dickinson, ND, for defendant and appellant.

State v. Kostelecky

No. 20170291

Jensen, Justice.

[¶1] Lukas Kostelecky appeals a district court’s restitution order reflected within the judgment.  Kostelecky argues the district court abused its discretion in ordering restitution in the amount of $3,790.  We reverse and remand, concluding the district court misapplied the law in determining that N.D. Const. art. I, § 25(1)(n) requires restitution beyond what is necessary to make the victim whole.

I

[¶2] On February 27, 2017, Kostelecky was arrested for criminal mischief, a class C felony, after damaging property at the New Town High School.  Kostelecky pleaded guilty to criminal mischief, a class A misdemeanor, on July 27, 2017.  The district court held a restitution hearing and determined Kostelecky owed $3,790 to the New Town school district for the damage to a ten-year-old copy machine.

[¶3] At the restitution hearing, the State presented evidence showing the school was quoted a price of $3,790 to replace the copy machine.  The quote to replace the copy machine also provided the depreciated value of the damaged copy machine was $400.  The State argued Kostelecky willfully damaged the school’s property, and under N.D.C.C. § 32-03-09.2, he should be responsible for any actual damages to real and personal property.  The State contends the actual damage equals the quote to replace the copy machine: $3,790.

[¶4] Kostelecky provided evidence showing a refurbished model of the copy machine would cost between $1,111 and $1,795, and he noted the depreciated value of the damaged copy machine was $400.  Kostelecky argued restitution does not mean the victim is entitled to buy newer, more expensive items.

[¶5] The district court determined:

As far as the issue of restitution, I understand your argument perfectly well . . . but the problem is I believe that Marsy’s Law does require full restitution.  And in this event the amount of restitution that is going to be ordered is the $3,790.  

Now, if, in fact, that makes the school district beyond whole, I can’t make that determination.  However, that was the amount that was expended to replace the item that was damaged and ultimately destroyed by Mr. Kostelecky.  So that will be the amount of restitution.

Kostelecky appeals the district court’s order for restitution in the amount of $3,790.

II

[¶6] Kostelecky argues the district court abused its discretion in ordering restitution in the amount of $3,790.  This Court has concluded:

This Court’s review of a restitution order is limited to whether the district court acted within the limits set by statute, which is similar to an abuse of discretion standard.  
State v. Bingaman
, 2002 ND 210, ¶ 4, 655 N.W.2d 57; 
State v. Kensmoe
, 2001 ND 190, ¶ 7, 636 N.W.2d 183.  A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law.  
Bingaman
, at ¶ 4; 
Kensmoe
, at ¶ 7.  “[T]he State has the burden in a restitution hearing to prove the amount of restitution by a preponderance of the evidence.”  
State v. Gill
, 2004 ND 137, ¶ 7, 681 N.W.2d 832.

State v. Tupa
, 2005 ND 25, ¶ 3, 691 N.W.2d 579.  We review questions of law de novo in determining whether or not the district court abused its discretion through misapplication or misinterpretation of the law.  
See
 
State v. Knox
, 2016 ND 15, ¶ 6, 873 N.W.2d 664.

A

[¶7] In 2016, North Dakota voters enacted an initiated measure, N.D. Const. art. I, § 25, referred to by the district court as Marsy’s Law.  The district court interpreted N.D. Const. art. I, § 25(1)(n) as requiring restitution in the amount expended by the victim, without considering other evidence presented regarding the amount necessary to make the school whole.  In determining whether this addition to the constitution alters the existing analysis required for ordering restitution, there is one constitutional and two statutory provisions to consider:  N.D. Const. art. I, § 25(1)(n), N.D.C.C. § 12.1-32-08(1), and N.D.C.C. § 32-03-09.2.

[¶8] This Court has noted, “[i]n construing constitutional provisions, we apply general principles of statutory construction.  In construing statutory and constitutional provisions, we will attempt to give meaning to every word, phrase, and sentence, and, if necessary, we will attempt to reconcile and harmonize potentially conflicting provisions.”  
State Bd. of Univ. & Sch. Lands v. City of Sherwood
, 489 N.W.2d 584, 587 (N.D. 1992) (citations omitted).  If no ambiguities exist, we look to the plain language of statutes to ascertain their meanings.  
See
 N.D.C.C. § 1-02-05.

[¶9] Article I, § 25(1)(n), N.D. Const., provides victims, “[t]he right to full and timely restitution in every case and from each offender for all losses suffered by the victim as a result of the criminal or delinquent conduct.”  The legislature has also addressed the determination of restitution in a criminal case and directed the district court to take into account, “[t]he reasonable damages sustained by the victim . . . limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant’s criminal action.”  N.D.C.C. § 12.1-32-08(1).  Additionally, under the civil tort statute, “[a]ny person convicted of criminal mischief shall be responsible for the actual damages to real and personal property and such damages may be recovered in a civil action.”  N.D.C.C. § 32-03-09.2.

[¶10] Between these three provisions, there are three different descriptions of restitution.  In N.D. Const. art. I, § 25(1)(n), a victim is entitled to “full and timely restitution . . . for all losses.”  Under N.D.C.C. § 12.1-32-08(1), a victim is entitled to “reasonable damages . . . actually incurred.”  Pursuant to N.D.C.C. § 32-03-09.2, a victim is entitled to “actual damages.”

[¶11] This Court has previously concluded there is a connection between N.D.C.C. § 32-03-09.2, the civil tort statute, and N.D.C.C. § 12.1-32-08, the criminal restitution statute.  
Tupa
, 2005 ND 25, ¶ 12, 691 N.W.2d 579.  In 
Tupa
, this Court determined there is a strong correlation between the terms “actual damages” and “actually incurred,” meaning if replacement costs are applicable in one context they are applicable in the other.  
Id.
  This Court also concluded the legislature chose the term “actual damages” because it allowed for flexibility in measuring damages.  
Id.
 at ¶ 11.

[¶12] Construing the plain language of each together, the purpose of the statutory scheme is to ensure the victim of a crime is made whole.  The constitutional provision providing for “all losses” is not modified by the terms “actual” or “reasonable” damages.  However, the word “all,” means “the whole amount, quantity, or extent of.”  
Merriam-Webster’s Collegiate Dictionary
 31 (11th ed. 2005).  The word “actual” means “existing in act and not merely potentially.”  
Merriam-Webster’s Collegiate Dictionary
 13 (11th ed. 2005).  Lastly, the word “reasonable” is defined as “being in accordance with reason.”  
Merriam-Webster’s Collegiate Dictionary
 1037 (11th ed. 2005).  Construing the three phrases together, N.D. Const. art. I, § 25(1)(n) does not change the restitution that a district court may order under N.D.C.C. §§ 32-03-09.2 and 12.1-32-08.  Instead, harmonizing these constitutional and statutory provisions together, we conclude a victim is entitled to be made whole through a reasonable restitution amount based on the entirety of his or her actual losses.

B

[¶13] The district court misapplied N.D. Const. art. I, § 25(1)(n) by failing to find facts relevant to determining restitution.  The district court is the finder of fact in ordering restitution.  
See State v. Gates
, 2015 ND 177, ¶ 7, 865 N.W.2d 816 (“When the quantity of damages awarded may be hard to prove, the amount of damages is to be left to the sound discretion of the finder of facts.”) (citation and quotation marks omitted).  Under N.D.C.C. § 12.1-32-08(1), the district court has the authority to order a defendant to pay restitution.  As noted above, the district court must consider the “reasonable damages” sustained by the victim and determine the amount that will make the victim whole when ordering restitution.  N.D.C.C. § 12.1-32-08(1)(a).  Further, under the criminal restitution statute, the district court must take into account:

a.  The reasonable damages sustained by the victim or victims of the criminal offense, which damages are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant’s criminal action.  This can include an amount equal to the cost of necessary and related professional services and devices relating to physical, psychiatric, and psychological care.  The defendant may be required as part of the sentence imposed by the court to pay the prescribed treatment costs for a victim of a sexual offense as defined in chapters 12.1-20 and 12.1-27.2.

b.  The ability of the defendant to restore the fruits of the criminal action or to pay monetary reparations, or to otherwise take action to restore the victim’s property.

c.  The likelihood that attaching a condition relating to restitution or reparation will serve a valid rehabilitational purpose in the case of the particular offender considered.

N.D.C.C. § 12.1-32-08(1).

[¶14] In 
Tupa
, the district court ordered the defendants to pay restitution after they pleaded guilty to felony criminal mischief for the destruction of a farmstead.  2005 ND 25, ¶¶ 1, 2, 691 N.W.2d 579.  This Court determined situations exist where replacement costs are necessary, like when a victim must replace older, low-value household items in order to be made whole.  
Id.
 at ¶ 8.  This Court also noted if an item can be repaired or an acceptable secondary market exists, replacement costs may be excessive.  
Id. 
at ¶ 9.  This Court provided the example of equipment or machinery where the diminution in fair market value may be an adequate measure of the victim’s reasonable expenses actually incurred.  
Id.
  However, this Court refrained from creating a rule regarding replacement values and instead determined the district court’s restitution award was within the range of reasonableness and supported by a preponderance of the evidence.  
Id.

[¶15] The district court is required to consider the factors listed above when ordering restitution.  Here, the district court said, “[n]ow, if, in fact, that makes the school district beyond whole, I can’t make that determination.”  The district court failed to take the factors into account and consider the facts presented to it.  Additionally, the district court misapplied the law when it determined N.D. Const. art. I, § 25(1)(n) precluded it from considering whether the amount of restitution made the school “beyond whole.”  The district court’s elimination of any factual analysis due to N.D. Const. art. I, § 25(1)(n) was an abuse of discretion.

[¶16] As noted in 
Tupa
, replacement costs can be an acceptable measure for restitution.  2005 ND 25, ¶ 8, 691 N.W.2d 579.  The district court’s ordered restitution of $3,790 may be within the range of reasonableness described in 
Tupa
.  However, the district court did not consider Kostelecky’s evidence of possible lower replacement costs, and instead, the district court misinterpreted N.D. Const. art. I, § 25(1)(n) in determining  the school was entitled to the amount it had expended.  As noted above, N.D. Const. art. I, § 25(1)(n) does not conflict with or otherwise change the meaning of restitution as provided by N.D.C.C. §§ 12.1-32-08(1) and 32-03-09.2.  Therefore, the district court misapplied the law in finding it could not determine whether its restitution award made the victim “beyond whole.”

[¶17] Neither of the parties has requested that we determine whether or not N.D. Const. art. I, § 25(1)(n) eliminates from the district court’s consideration of restitution subsections b and c of N.D.C.C. § 12.1-32-08(1).  Those subsections require, in general, a district court to consider a defendant’s ability to pay and the likelihood that a condition of restitution or reparation will serve a rehabilitative purpose.  This opinion therefore does not address that question.

III

[¶18] We reverse that portion of the judgment related to restitution and remand, concluding the district court abused its discretion and misapplied the law in determining that N.D. Const. art. I, § 25(1)(n) requires restitution beyond what is necessary to make the victim whole.

[¶19] Jon J. Jensen

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.