# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 9

State of North Dakota,                                      Plaintiff and Appellee

v.

Melinda Ann Strom,                                      Defendant and Appellant

No. 20180167

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Julie A. Lawyer, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Bobbi B. Weiler, Bismarck, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]     Melinda Strom appeals from an amended criminal judgment and order for restitution. Strom argues the district court abused its discretion in awarding restitution because it did not consider her ability to pay as required by N.D.C.C. § 12.1-32-08(1). We declare the statute unconstitutional in part and affirm the restitution order and judgment.

I

[¶2]     Strom pled guilty to misapplication of entrusted property in excess of $50,000 in violation of N.D.C.C. § 12.1-23-07(1). Strom was sentenced to five years, all suspended for three years of supervised probation. A restitution hearing was held on April 9, 2018. The district court concluded that article I, § 25(1)(n) of the North Dakota Constitution, which was adopted in the 2016 election, overrides the requirement under N.D.C.C. § 12.1-32-08(1) to take into account the ability of the defendant to pay monetary reparations in setting the total amount of restitution. The district court issued the restitution order requiring Strom to make restitution in the amount of $690,910.67. Strom timely appealed.

II

[¶3]     Both Strom and the State frame the issue on appeal as whether article I, § 25(1)(n) of the North Dakota Constitution overrides prior law requiring the district court to consider a defendant's ability to pay when determining restitution. Strom argues the district court abused its discretion by ordering restitution without considering her ability to pay because she contends the constitution and statute can be reconciled.  At oral argument the State argued the two provisions are in conflict and thus the statute is unconstitutional.

> When reviewing a restitution order, we look to whether the district court acted "within the limits set by statute," which is a standard similar to our abuse of discretion standard. "A district court abuses its

discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law."

*State v. Blue*, 2018 ND 171, ¶ 13, 915 N.W.2d 122 (quoting *State v. Carson*, 2017 ND 196, ¶ 5, 900 N.W.2d 41). Questions of law are reviewed "de novo in determining whether or not the district court abused its discretion through misapplication or misinterpretation of the law." *State v. Kostelecky*, 2018 ND 12, ¶ 6, 906 N.W.2d 77. Whether the district court properly determined that article I, § 25(1)(n) abrogates consideration of a defendant's ability to pay as limiting the total amount of restitution awarded under N.D.C.C. § 12.1-32-08(1) is a question of law. *Blue*, at ¶ 40 (Jensen, J., concurring and dissenting).

[¶4]    Section 12.1-32-08(1), N.D.C.C., lists three factors the court must consider when ordering restitution. At issue here, "the court shall take into account: . . . (b) [t]he *ability of the defendant* to restore the fruits of the criminal action or *to pay monetary reparations*." N.D.C.C. § 12.1-32-08(1) (emphasis added). The statute continues, "[t]he court shall fix the amount of restitution or reparation, which *may not exceed an amount the defendant can or will be able to pay*, and shall fix the manner of performance of any condition or conditions of probation established pursuant to this subsection." *Id.* (emphasis added).

[¶5]    In addition to the statutory requirements, we must consider how article I, § 25(1)(n) of the North Dakota Constitution applies here. A crime victim has the "right to full and timely restitution in every case and from each offender for all losses suffered by the victim as a result of the criminal or delinquent conduct." N.D. Const. art. I, § 25(1)(n). We have not previously decided whether article I, § 25(1)(n) abrogates the required consideration of the defendant's ability to pay restitution under factor (b) of N.D.C.C. § 12.1-32-08(1). *Blue*, 2018 ND 171, ¶ 26, 915 N.W.2d 122; *Kostelecky*, 2018 ND 12, ¶ 17, 906 N.W.2d 77.

[¶6]    When interpreting a constitutional provision, "we apply general principles of statutory construction. In construing statutory and constitutional provisions, we will

2

attempt to give meaning to every word, phrase, and sentence, and, if necessary, we will attempt to reconcile and harmonize potentially conflicting provisions." *Kostelecky*, 2018 ND 12, ¶ 8, 906 N.W.2d 77 (quoting *State Bd. of Univ. & Sch. Lands v. City of Sherwood*, 489 N.W.2d 584, 587 (N.D. 1992)). Absent an applicable definition, words enacted in statutes carry the plain, ordinary, and commonly understood meaning as of the time of enactment. *Zajac v. Traill Cty. Water Res. Dist.*, 2016 ND 134, ¶ 6, 881 N.W.2d 666.

[¶7] Article I, § 25(1)(n) clearly states the compensation amount to which a victim of a crime is constitutionally entitled. *Blue*, 2018 ND 171, ¶ 43, 915 N.W.2d 122 (Jensen, J., concurring and dissenting). Section 25(1)(n) provides a victim the "right to *full* and timely restitution in every case and from each offender for *all losses* suffered by the victim as a result of the criminal or delinquent conduct." N.D. Const. art. I, § 25(1)(n) (emphasis added). The words enacted to describe the restitution amount, "full" and "all losses," leave no room for implication that the commonly understood meaning would permit any reduction of the restitution amount in consideration of the defendant's ability to pay. *Blue*, at ¶ 43. The plain meaning of "restitution" is an amount calculated to make the victim whole. *State v. Tupa*, 2005 ND 25, ¶ 8, 691 N.W.2d 579. The addition of the modifier "full . . . restitution" underscores the point that the amount must make the victim whole by restoring the victim to his position prior to the offense. *Kostelecky*, 2018 ND 12, ¶ 13, 906 N.W.2d 77. To award less than the amount required to make the victim whole would not be "full" restitution. The further addition of "all losses" suggests a belt-and-suspenders approach in drafting this provision: no reasonable member of the public could overlook the double emphasis that restitution is not to be reduced. If the word "restitution" within the constitutional amendment were construed to be the same as the amount determined under N.D.C.C. § 12.1-32-08(1), thus "allowing for the amount of constitutionally mandated restitution to be reduced by the defendant's ability to pay," it would render the words "full" and "all losses" meaningless. *Blue*, at ¶ 43.

3

[¶8]    Where the constitutional provision was adopted after a conflicting statute, we cannot logically declare it void "as if it never were enacted," *Hoff v. Berg*, 1999 ND 115, ¶ 19, 595 N.W.2d 285. The statute at issue here was constitutional when enacted; thus the facial challenge here does not turn on whether the Legislative Assembly exceeded its constitutional authority in enacting a law not permitted by the constitution. The test where a statute predates a conflicting constitutional provision is whether the statute could have been passed after the new constitutional provision took effect. If not, repeal of the statute is implicit in adoption of the new constitutional provision. *See State ex rel. Stokes v. Probate Court of Cuyahoga County*, 17 Ohio App. 2d 247 (1969). Here, we resolve the irreconcilable conflict between the constitutional amendment and the statute by interpreting N.D. Const. art. I, § 25(1)(n) as implicitly repealing the conflicting portion of N.D.C.C. § 12.1-32-08(1).

[¶9]    To clearly state the scope of this decision, it is necessary to articulate what we do not decide here. In this matter, we examine only an award of restitution and not a contempt hearing or probation revocation for non-payment, and thus we limit consideration of ability to pay only in the context of setting the total amount of restitution. *See Blue*, 2018 ND 171, ¶ 44, 915 N.W.2d 122 (Jensen, J., concurring and dissenting). We do not completely preclude consideration of ability to pay. There may be times when such consideration may be appropriate, *i.e.*, when determining the time or manner of payment or whether a defendant's failure to pay is willful. *Id.* Not all of N.D.C.C. § 12.1-32-08(1) contradicts article I, § 25(1)(n). We declare inoperative and unenforceable only the parts of N.D.C.C. § 12.1-32-08(1) emphasized below:

> In determining *whether to order* restitution, the court shall take into account: . . . (b) The ability of the defendant to restore the fruits of the criminal action or to pay monetary reparations, or to otherwise take action to restore the victim's property. . . . The court shall fix the amount of restitution or reparation, *which may not exceed an amount the defendant can or will be able to pay* . . . .

In short, a district court may not consider a defendant's ability to pay in determining the amount of restitution awarded to a victim.

### III

4

[¶10]   We conclude the district court did not abuse its discretion in fixing the amount of restitution without regard to the defendant's ability to pay. We affirm the amended criminal judgment and the order for restitution in the amount of $690,910.67.

[¶11]   Jerod E. Tufte
        Jon J. Jensen
        Daniel J. Crothers

        I concur in the result.
        Gerald W. VandeWalle, C.J.

**McEvers, Justice, concurring and dissenting.**

[¶12]   I agree with the majority that the district court did not abuse its discretion by limiting its consideration of the defendant's ability to pay in determining the full amount of restitution awarded to a victim.  Majority, at ¶ 10.  In doing so, we recognize the need to harmonize the statutory factors with the constitutional provision on restitution.  However, I disagree there is a need to declare any portion of the statute unconstitutional because it was not adequately raised and is unnecessary based on the facts of this case.  "It is a cardinal rule of decision making to avoid constitutional confrontations where there are appropriate alternative grounds to resolve the case before us." *In Interest of Goodwin*, 366 N.W.2d 809, 814 (N.D. 1985) (relying on *Mills v. Roger*s, 102 S.Ct. 2442, 2451 (1982) (other citations omitted). *See also State ex rel. Stutsman v. Light*, 68 N.D. 513, 521, 281 N.W. 777, 780 (1938) (stating a constitutional question will only be decided when it is properly before the court and *must* be decided in order to resolve the controversy).

> It is well-settled that issues not raised in the district court may not be raised for the first time on appeal. *State v. Kieper*, 2008 ND 65, ¶ 16, 747 N.W.2d 497.  We have stated this rule is "particularly applicable where, as here, an issue or argument is not raised in the appellate brief but is raised for the first time at oral argument." *Paulson v. Paulson*, 2011 ND 159, ¶ 9, 801 N.W.2d 746.

*State v. Mackey*, 2011 ND 203, ¶ 17, 805 N.W.2d 98.  Neither Strom nor the State argued this issue in the district court nor did they argue in their appellate briefs that

N.D.C.C. § 12.1-32-08(1) is unconstitutional. Because the State raised the issue for the first time at oral argument, the question is not properly before us.

[¶13] In this case, the record reflects that the district court set restitution at the full amount. There was no mention at the restitution hearing that N.D.C.C. § 12.1-32-08(1) was unconstitutional. Rather, the defendant argues the court erred by failing to consider her ability to pay when she was ordered to pay restitution as a condition of probation. While the court did not make a specific finding on ability to pay, the factor was clearly considered. The court concluded the victim was entitled to restitution under N.D. Const. art. I, § 25(1)(n), "regardless of the general consideration of ability to pay on the part [of] Defendant Strom." In addition, neither the judgment nor the amended criminal judgment make payment of restitution a condition of probation.

[¶14] Because the district court did consider the defendant's ability to pay, I agree the order should be affirmed. The district court concluded the constitutional mandate of N.D. Const. art. I, § 25(1)(n) *overrides* the consideration of actual "ability to pay" in this instance. To "override" means to "dominate or prevail over." *Webster's Third New International Dictionary* 1609 (1971). Whether intentional or not, the district court harmonized the constitutional and statutory provisions.

[¶15] This Court has stated "the constitutional provision would prevail over the statute, but only if the two cannot be reconciled." *State v. Blue*, 2018 ND 171, ¶ 24, 915 N.W.2d 122. A victim is entitled to full and timely restitution under N.D. Const. art. I, § 25(1)(n). In *State v. Kostelecky*, this Court stated the meaning of full restitution has not changed. 2018 ND 12, ¶ 12, 906 N.W.2d 77. A majority of this Court further stated in *Blue*:

> Other than requiring restitution be timely made, the constitutional provision has no express or implied restrictions on how restitution is to be made. Considering whether a defendant has the ability to pay in no way violates any express or implied restriction under N.D. Const. art. I, § 25(1)(n). It is unnecessary to consider the constitutional provision if a defendant has the ability to pay. *[State v.] Bruce*, 2018 ND 45, ¶ 17, 907 N.W.2d 773. In *Bruce*, we affirmed the district court judgment requiring the defendant to pay $7,157.20 in restitution when the defendant had no assets and was facing imprisonment followed by

6

supervised probation. *Id.* The district court in *Bruce* looked at the defendant's ability to pay when he is released and on supervised probation. *Id.* While it is unlikely Blue will be able to show an inability to pay based on the amount of restitution here, he should have been given the opportunity to address the court. Considering a defendant's ability to pay has implications as to whether a defendant is able to comply with his conditions of probation. Here, the court ordered Blue to pay restitution as a condition of probation without considering whether he had the ability to pay.

*Blue*, at ¶ 25. This case is distinguishable from *Blue*, in that the district court here considered Strom's ability to pay, and did not include restitution as a condition of probation.

[¶16] It is not considering the defendant's ability to pay that violates the constitution; rather, it is in relying on the defendant's inability to pay in setting the amount of *full* restitution. Considering a defendant's ability to pay and requiring payment of that amount as a condition of probation may enhance the timely payment of restitution, by setting some type of payment schedule.

[¶17] The legislature has included payment of restitution among the various conditions the district court may impose when sentencing a defendant to probation. As provided under N.D.C.C. § 12.1-32-07(4):

> When imposing a sentence to probation, probation in conjunction with imprisonment, or probation in conjunction with suspended execution or deferred imposition of sentence, the court may impose such conditions as it deems appropriate and may include any one or more of the following:
> . . . .
> e.   Make restitution or reparation to the victim of the defendant's conduct for the damage or injury which was sustained or perform other reasonable assigned work. *When restitution, reparation, or assigned work is a condition of probation, the court shall proceed as provided in subsection 1 or 2, as applicable, of section 12.1-32-08.*

(Emphasis added.)

[¶18] The legislature specifically requires the district court to consider N.D.C.C. § 12.1-32-08(1) or (2), when ordering restitution as a condition of probation, which

7

includes a defendant's ability "*to pay monetary reparations*" under (1)(b).  I do not see why the legislature could not require the district court to consider the defendant's ability to pay under N.D.C.C. § 12.1-32-08(1)(b), when ordering restitution as a condition of probation following the effective date of N.D. Const. art. I, § 25(1)(n), so long as the ability to pay is not used to reduce the total amount of restitution.

[¶19]   Lisa Fair McEvers