# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 127

State of North Dakota,                                          Plaintiff and Appellee

v.

Javonne Qwanae Hunt,                                          Defendant and Appellant

No. 20180423

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable John W. Grinsteiner, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Tessa M. Vaagen, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Yancy B. Cottrill, Bismarck, ND, for defendant and appellant.

**Jensen, Justice.**

[¶1]     Javonne Hunt appeals from a district court order requiring him to pay $27,501.86 in restitution to Blue Cross Blue Shield ("BCBS"). Hunt argues that an award of restitution under N.D.C.C. § 12.1-32-08(1) to BCBS, a corporation, is in conflict with the definition of "victim" provided by N.D. Const. art. I, § 25 and therefore inappropriate. We affirm the district court's order.

I.

[¶2]     On October 23, 2017, Hunt was playing basketball at the YMCA in Bismarck, North Dakota when he was involved in an altercation with an opposing player. Hunt intentionally struck the opposing player in the jaw causing a bone fracture. Hunt was charged and subsequently found guilty by a jury of aggravated assault.

[¶3]     Following his conviction, Hunt agreed to pay as restitution the out-of-pocket medical expenses incurred by the injured individual in the amount of $3,233.07. BCBS provided evidence that it had paid an additional $27,501.86 for the medical treatment of the injured individual under the injured individual's policy of insurance. The district court applied N.D.C.C. § 12.1-32-08(1) in granting restitution to BCBS and ordered Hunt to pay a total of $30,734.93; $3,233.07 for the conceded out-of-pocket costs plus the $27,501.86 claimed by BCBS. Hunt argued BCBS is precluded from recovery of its expenditures in the criminal proceedings because the definition of "victim" under N.D. Const. art. I, § 25 is incompatible with a recovery by a corporation under the criminal restitution statute, N.D.C.C. § 12.1-32-08(1).

II.

[¶4]     Hunt and the State frame the issue on appeal as whether the definition of "victim" under N.D. Const. art. I, § 25 can include a corporation. Hunt concedes our prior case law provides that an insurance company can qualify as a victim under N.D.C.C. § 12.1-32-08 and that an insurance company can recover restitution in a

criminal proceeding. *State v. Vick*, 1998 ND 214, ¶ 7, 587 N.W.2d 567. However, he argues our decision in *State v. Strom*, 2019 ND 9, 921 N.W.2d 660, issued after the enactment of N.D. Const. art. I, § 25, declared N.D.C.C. § 12.1-32-08 "inoperative and unenforceable" because it irreconcilably conflicts with N.D. Const. art. I, § 25. Hunt then argues because N.D.C.C. § 12.1-32-08 is inoperative and unenforceable, we are required to look to the definition of "victim" provided within N.D. Const. art. I, § 25 to determine who may recover restitution in a criminal proceeding. Hunt concludes N.D. Const. art. I, § 25 unambiguously limits the definition of a victim to individuals, limits recovery of restitution to victims, and therefore precludes recovery by a corporation.

[¶5] Hunt's reliance on our prior decision in *Strom* is misplaced. In *Strom*, this Court was presented with the question of "whether article I, § 25(1)(n) abrogates the required consideration of the defendant's ability to pay restitution under factor (b) of N.D.C.C. § 12.1-32-08(1)." *Strom*, 2019 ND 9, ¶ 5, 921 N.W.2d 660. This Court limited its decision to resolving whether a defendant's ability to pay should be considered in a determination of the amount of restitution, and we concluded "a district court may not consider a defendant's ability to pay in determining the amount of restitution awarded to a victim." *Id*. at ¶ 9. In *Strom*, we did not consider, or resolve, the definition of victim under N.D. Const. art. I, § 25.

[¶6] As noted in the prior paragraph, we have not previously decided whether N.D. Const. art. I, § 25(1)(n) precludes the application of N.D.C.C. § 12.1-32-08(1) to a recovery of restitution by a corporation. The district court found N.D.C.C. § 12.1-32-08 and N.D. Const. art. I, § 25 could be harmonized and applied N.D.C.C. § 12.1-32-08 to order restitution in favor of BCBS. Whether the state constitution abrogates a statute is a question of law. *Strom*, 2019 ND 9, ¶ 3, 921 N.W.2d 660. Questions of law are reviewed de novo in determining whether the district court erred through misapplication or misinterpretation of the law. *State v. Kostelecky*, 2018 ND 12, ¶ 6, 906 N.W.2d 77.

[¶7] Article I, § 25(4), of the North Dakota Constitution reads as follows:

As used in this section, a "victim" is a person who suffers direct or threatened physical, psychological, or financial harm as a result of the commission or attempted commission of a crime or delinquent act or against whom the crime or delinquent act is committed. If a victim is deceased, incompetent, incapacitated, or a minor, the victim's spouse, parent, grandparent, child, sibling, grandchild, or guardian, and any person with a relationship to the victim that is substantially similar to a listed relationship, may also exercise these rights. The term "victim" does not include the accused or a person whom the court finds would not act in the best interests of a deceased, incompetent, minor, or incapacitated victim.

[¶8]    Under N.D.C.C. § 12.1-32-08(1), when sentencing an individual convicted of a crime that resulted in monetary damage, the district court "shall order that the defendant make restitution to the victim <u>or other recipient</u> as determined by the court . . . ." (Emphasis added). This Court has determined insurance companies fall within the definition of "other recipient" under N.D.C.C. § 12.1-32-08(1). *Vick*, 1998 ND 214, ¶ 7, 587 N.W.2d 567.

[¶9]    We have previously recognized that "[i]t is a cardinal rule of decision making to avoid constitutional confrontations where there are appropriate alternative grounds to resolve the case before us." *Interest of Goodwin*, 366 N.W.2d 809, 814 (N.D. 1985) (relying on *Mills v. Rogers*, 457 U.S. 291, 305 (1982) (citations omitted). *See also State v. Light,* 68 N.D. 513, 521, 281 N.W. 777, 780 (1938) (stating a constitutional question will only be decided when it is properly before the court and must be decided in order to resolve the controversy). We have previously recognized that "[t]he Legislature may expand the rights of the citizen beyond those given by the Constitution, although it may not reduce constitutional rights." *Johnson v. Wells Cty. Water Res. Bd.*, 410 N.W.2d 525, 529 (N.D. 1987).

[¶10]   The stated purpose  of N.D. Const. art. I, § 25 is to "preserve and protect the right of crime victims." While N.D. Const. art. I, § 25(4) grants certain rights to those who meet its definition of "victim," it contains no directive which would prevent the legislature from expanding the statutory reach of restitution beyond the scope of N.D. Const. art. I, § 25. We also note N.D. Const. art. I, § 25(3) provides, "[t]he granting

3

of these rights to victims shall not be construed to deny or disparage other rights possessed by victims."

[¶11] It is unnecessary to determine whether the definition of a victim under N.D. Const. art. I, § 25 is limited to individuals. Even if we were to determine that the definition of "victim" contained within N.D. Const. art. I, § 25 is limited to individuals, that definition does not conflict with the legislature's expansion of restitution provided within N.D.C.C. § 12.1-32-08 to "other recipient[s]." We conclude the district court did not err when it harmonized N.D.C.C. § 12.1-32-08 and N.D. Const. art. I, § 25 in awarding restitution to BCBS.

III.

[¶12] An application of N.D.C.C. § 12.1-32-08(1) to allow "other recipient[s]" to recover restitution does not conflict with, and can be harmonized with, N.D. Const. art. I, § 25. We affirm the order of the district court.

[¶13]  Jon J. Jensen
        Jerod E. Tufte
        Daniel J. Crothers
        Gerald W. VandeWalle, C.J.


**McEvers, Justice, concurring specially.**

[¶14] I agree with the majority that the district court did not err as a matter of law when it ordered Hunt to pay restitution to an insurance company. In doing so, we recognize the need to harmonize the statutory factors with the constitutional provision on restitution.

[¶15] I write separately to clarify that, under these circumstances, the district court would not have been foreclosed from considering the defendant's ability to pay. In fact, it appears the court did consider the defendant's ability to pay when stating: "While the restitution amount requested is large, this was taken into consideration when this Court levied the sentence. Much of the time was suspended so as to allow the defendant a reasonable release date from incarceration and begin working to pay restitution making the victims whole."

4

[¶16] In *State v. Strom*, a majority of this Court declared inoperative and unenforceable only the parts of N.D.C.C. § 12.1-32-08(1) emphasized below:

> In determining *whether to order* restitution, the court shall take into account: . . . (b) The ability of the defendant to restore the fruits of the criminal action or to pay monetary reparations, or to otherwise take action to restore the victim's property. . . . The court shall fix the amount of restitution or reparation, *which may not exceed an amount the defendant can or will be able to pay* . . . .

In short, a district court may not consider a defendant's ability to pay in determining the amount of restitution awarded to a <u>victim</u>.

2019 ND 9, ¶ 9, 921 N.W.2d 660 (emphasis added).

[¶17] I disagreed that there was a need to declare any portion of the statute unconstitutional because it was not adequately raised and was unnecessary based on the facts of that case. *Id.* at ¶ 12 (McEvers, J., concurring and dissenting).

[¶18] I write separately here to point out that *Strom* did not bar the district court from taking into consideration the defendant's ability to pay when ordering restitution to recipients other than the victims under N.D. Const. art. I, § 25(1)(n). It appears the court did consider the defendant's ability to pay, and I agree the order should be affirmed.

[¶19] Future issues regarding conflicts between N.D.C.C. § 12.1-32-08 and N.D. Const. art. I, § 25(1)(n) are likely resolved by recent legislative amendments to the statute made by H.B. 1252.

[¶20] Lisa Fair McEvers