# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 206

State of North Dakota,                               Plaintiff and Appellee

v.

Dalton Peltier,                                    Defendant and Appellant

## No. 20220096

State of North Dakota,                               Plaintiff and Appellee

v.

Dalton Gene Peltier,                               Defendant and Appellant

## No. 20220097

Appeals from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Dennis H. Ingold, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

James R. Loraas, Bismarck, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Dalton Peltier appeals from criminal judgments entered after a jury found him guilty of attempted murder, aggravated assault, criminal mischief, and three counts of terrorizing. Peltier argues that he did not voluntarily waive his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), or voluntarily make statements to law enforcement, and that there was insufficient evidence supporting his convictions. We conclude the district court did not err in finding Peltier voluntarily waived his *Miranda* rights and voluntarily made statements to law enforcement. The court's decision is based on findings of fact that are supported by sufficient competent evidence and is not contrary to the manifest weight of the evidence. Further, viewing the evidence in the light most favorable to the verdict, we conclude substantial evidence exists that could allow a jury to draw a reasonable inference in favor of conviction on all counts. We summarily affirm these issues under N.D.R.App.P. 35.1(a)(2) and (3).

[¶2]   Peltier also contends the district court erred in granting restitution. Under N.D. Const. art. I, § 25(1)(n), a crime victim is entitled to full restitution for his losses. In determining the restitution amount, the court "shall take into account the reasonable damages sustained by the victim" of the criminal offense, "which damages are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action." N.D.C.C. § 12.1-32-08(1). Our review of a restitution order is "limited to whether the district court acted within the limits set by statute, which is similar to an abuse of discretion standard." *State v. Kostelecky*, 2018 ND 12, ¶ 6, 906 N.W.2d 77. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id*. "[T]he State has the burden in a restitution hearing to prove the amount of restitution by a preponderance of the evidence." *Id*.

[¶3]   One potential measure of damages for restitution is replacement cost, which is "the cost of acquiring an asset that is as equally useful or productive as an asset currently held." *State v. Tupa*, 2005 ND 25, ¶¶ 4, 8, 691 N.W.2d 579. "[I]f an item has a ready and acceptable secondary market, such as exists for automobiles or certain pieces of equipment or machinery, diminution in fair market value may be an adequate measure of the victim's reasonable expenses actually incurred." *Id.* at ¶ 9.

[¶4]   The district court found the replacement value of the items damaged in J.B.'s home, $19,900, was appropriate because those items "need[ed] to be replaced." This value was based on the testimony and report of expert witness Bradley Hendrickson. Hendrickson testified there was damage to the glass storm door, drywall, floor, carpet, light fixtures, and mirrors.

[¶5]   Peltier, citing *Kostelecky*, asserts the correct measure of damages is the fair market value of the property at the time of the offense, including depreciation of the property. In *Kostelecky*, the defendant pled guilty to criminal mischief after damaging school property. 2018 ND 12, ¶ 2. The district court, construing N.D. Const. art. I, § 25(1)(n), determined it was required to award restitution in the amount that the school district expended to replace the ten-year-old copy machine, even if that amount made the school district "beyond whole." *Id.* at ¶¶ 2, 5. On the basis of the evidence presented by the State, the court determined the replacement cost of the copy machine was $3,790. *Id.* at ¶¶ 3, 5. The defendant presented evidence "showing a refurbished model of the copy machine would cost between $1,111 and $1,795, and he noted the depreciated value of the damaged copy machine was $400." *Id.* at ¶ 4. We reversed the restitution order and concluded that the district court "misapplied the law in determining that N.D. Const. art. I, § 25(1)(n) requires restitution beyond what is necessary to make the victim whole." *Id.* at ¶ 1. Specifically, the court failed to consider the defendant's evidence of possible lower replacement costs for the copy machine. *Id.* at ¶ 16.

[¶6] Here, Peltier presented no evidence of reasonable alternative replacements for the property he damaged. Further, the damaged property— glass storm door, drywall, floor, carpet, light fixtures, and mirrors—is not the

2

type of equipment or machinery that has a ready and acceptable secondary market. Unlike *Kostelecky*, the court considered the evidence before it and awarded restitution within the range of reasonableness, and that is supported by a preponderance of the evidence. Accordingly, the district court did not abuse its discretion in awarding replacement costs in the amount of $19,900.

[¶7]   The judgments are affirmed.

[¶8]   Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte