**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Joan PIPPIN, Defendant and Appellant.**

**Cr. No. 920243.**

Supreme Court of North Dakota.

Feb. 23, 1993.

John A. Thelen of Spaeth, Thelen, Johnson & Dearstyne, Grand Forks, for defendant and appellant; submitted on briefs.

Thomas H. Falck, Jr., Asst. State's Atty., Grand Forks; submitted on briefs.

LEVINE, Justice.

Joan Pippin appeals from a restitution order entered following her conviction of possession of stolen property. We reverse and remand.

Joan's home was searched in connection with an investigation of fifteen burglaries which had been committed in Grand Forks. During that search, investigators discovered and seized numerous items which had been stolen from the homes of the burglary victims. Joan's former husband, Randy H. Pippin, eventually pleaded guilty to fifteen counts of burglary and Joan ultimately entered an open plea of guilty to an amended information charging her with possession of stolen property.

The trial court entered judgment of conviction against Joan and sentenced her to the State Penitentiary for three years, with one year suspended for a period of five years, and specified that restitution would be determined separately at a subsequent hearing as required by NDCC § 12.1–32–08(1), which says, in pertinent part:

> "1. Prior to imposing restitution or reparation as a sentence or condition of probation, the court shall hold a hearing

on the matter with notice to the prosecuting attorney and to the defendant as to the nature and amount thereof. The court, when sentencing a person adjudged guilty of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, shall order that the defendant make restitution to the victim or other recipient as determined by the court, unless the court states on the record, based upon the criteria in this subsection, the reason it does not order restitution or orders only partial restitution. In determining whether to order restitution the court shall take into account:

a. The reasonable damages sustained by the victim or victims of the criminal offense, *which damages must be limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action.* This can include an amount equal to the cost of necessary and related professional services and devices relating to physical, psychiatric, and psychological care. The defendant may be required as part of the sentence imposed by the court to pay the prescribed treatment costs for a victim of a sexual offense as defined in chapters 12.1–20 and 12.1–27.2." (Emphasis added.)

After a hearing, the trial court entered an order requiring that Joan and Randy, jointly and severally, make restitution of $106,105.54 to the burglary victims. The damage award represented, in proportions not discernible from the record, the combined losses of the victims attributable to expenses incurred repairing and cleaning their homes, as well as unrecovered cash and personal property. Joan appealed.

On appeal, Joan contends that the restitution order is unlawful and should be reversed as it relates to her. She asserts the damages incurred by the burglary victims were not "directly related" to her crime of possession of stolen property and their expenses were not a "direct result" of her commission of that crime. *See* NDCC § 12.1–32–08(1)(a); *see also, infra,* NDCC § 12.1–32–02(1)(e). Joan contends, in the alternative, that the restitution order should be remanded for another hearing so that the court can fashion a new order which requires that she make restitution only for those damages directly related to her crime. She argues, in that regard, that because all the property she pleaded guilty to possessing was recovered and returned to the victims, the only damages directly attributable to her crime "may be a minimal loss of use value to the victims while the items were actually in [her] house," and that any other damages are directly related to Randy's offense.

■■■ Our resolution of this dispute is based upon the scope and meaning of the operative phrases within section 12.1–32–08(1)(a): "directly related" and "direct result." Statutory construction is a question of law, fully reviewable by this court. *State v. Rambousek,* 479 N.W.2d 832 (N.D. 1992). The primary objective of statutory construction is to ascertain the intent of the legislature, *id.,* and we do so by looking at the language of the statute itself and giving it its plain, ordinary and commonly understood meaning. *Van Klootwyk v. Arman,* 477 N.W.2d 590 (N.D.1991); NDCC § 1–02–02. In addition, we read statutes in context and in relation to others on the same subject in order to give meaning to each without rendering one or the other useless. *Ebach v. Ralston,* 469 N.W.2d 801 (N.D.1991). Criminal statutes are construed against the government and in favor of the accused. *Rambousek, supra.*

■■■ Ordinarily understood, the term "directly" means "without a person or thing coming between; immediately." Webster's New World Dictionary (2d College Ed.1980). "Related" means "connected or associated, as by origin, or kind." *Id.* Section 12.1–32–02(1)(e), NDCC, provides, as a sentencing alternative, "restitution for damages resulting from the commission of the offense." That statute, which involves the same subject matter as section 12.1–32–08(1)(a), restitution, was recently construed to require "a causal relationship between the criminal act and the damages for which

restitution is ordered." *State v. Steinolfson*, 483 N.W.2d 182, 184 (N.D.1992). Section 12.1–32–08(1) employs language more limiting than section 12.1–32–02(1)(e) in that it restricts restitution to damages "directly related" to a criminal offense and to expenses which are a "direct result" of a criminal act, as opposed to those damages which merely "result" from the commission of an offense. Accordingly, it is evident from the plain language of NDCC § 12.1–32–08(1) and our interpretation of NDCC § 12.1–32–02(1)(e) in *Steinolfson*, that there must exist an immediate and intimate causal connection between the criminal conduct and the damages or expenses for which restitution is ordered. Because there is not an immediate and intimate causal connection between Joan's criminal conduct and the damages for which restitution was ordered, we agree with her that the restitution order is improper as it relates to her.

Joan clearly cannot be held liable to make restitution for the expenses the victims incurred repairing and cleaning their homes. Those expenses were in fact caused by Randy's burglaries and are not immediately connected to Joan's offense of possession of stolen property.

Nor can Joan be compelled to make restitution for those damages attributable to unrecovered personal property. In pleading guilty, Joan admitted only that she possessed certain items of property found in her home and no other property. There is insufficient evidence that, but for Joan's act of possession of that property, the other property was discarded, sold or otherwise disposed of. *See State v. Harrington*, 56 Wash.App. 176, 782 P.2d 1101 (1989). The damages for the unrecovered property are not immediately connected to Joan's conduct. Moreover, a close causal connection between Joan's act and the missing property cannot reasonably be inferred from the record. For example, the record does not show that one or more of the items Joan possessed once contained other items which were not recovered. *See State v. Mead*, 67 Wash.App. 486, 836 P.2d 257 (1992) [reasonable to infer from possession of display cases in which coin collection was kept, that loss of coins resulted from possession].

For similar reasons, we do not believe that Joan can be held responsible to make restitution for the damages attributable to unrecovered cash. Randy testified that a substantial amount of the cash he stole was used to purchase items ranging from carpet and appliances to diapers and formula, and although Joan obviously used and enjoyed the goods purchased with stolen money, her offense of possessing specified items of stolen property did not, in fact, cause the losses attributable to the missing cash.

Consequently, as it pertains to Joan, the restitution order violated NDCC § 12.1–32–08(1)(a). But the record does not indicate whether any of the stolen property possessed by Joan was returned damaged to its owners or whether any damages were sustained as a result of the temporary loss of use of that property. Those damages, if any, and any others with a sufficient causal connection to Joan's offense, are the losses for which Joan may be ordered to make restitution. Restitution for other damages causally connected to Richard's conduct, must come from him.

Accordingly, we reverse the restitution order and remand for a new restitution hearing and order consistent with this opinion.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.