2017 ND 196

**STATE of North Dakota, Plaintiff and Appellee**

**v.**

**Mearlyse Fallon CARSON, Defendant and Appellant**

**Nos. 20160383 and 20160384**

Supreme Court of North Dakota.

Filed 7/31/2017

Nathan K. Madden, Assistant State's Attorney, Williston, N.D., for plaintiff and appellee; submitted on brief.

Misty L. Nehring, Williston, N.D., for defendant and appellant; submitted on brief.

Tufte, Justice.

[¶ 1] Mearlyse Carson appeals a restitution order entered following her guilty plea and conviction for possession of stolen property. The district court ordered her to pay restitution in the amount of $8,072.84, which included restitution for other items stolen or damaged during a burglary for which she was not convicted. We reverse and remand.

I

[¶ 2] Carson was arrested while in possession of several items stolen during a residential burglary two days before her arrest. The items stolen during the burglary included four rifles, ammunition, tools, two vehicles, and an enclosed trailer. The

vehicles and trailer were found the next day. The trailer suffered extensive damage. Law enforcement officers found Carson in possession of a reportedly-stolen truck that she alleged she had borrowed from her ex-boyfriend. At the time, she was transferring rifles, ammunition, and tools from the truck to another vehicle. Law enforcement searched the second vehicle and found the four rifles, ammunition, and tools that had been stolen during the burglary. The items found in Carson's possession were returned to the victim and no claim of restitution was made related to those items or their condition. Several other stolen items were never recovered.

[¶ 3] The State charged Carson with theft of property, alleging an unauthorized taking of property under N.D.C.C. § 12.1-23-02(1) or possession of stolen property under N.D.C.C. § 12.1-23-02(3). The items alleged in the six counts were four rifles, ammunition, and "DeWalt tools, a mag lit [sic], and bolt cutter(s)." She pled guilty to each of the six counts. The factual basis provided in support of her guilty plea included Carson's acknowledgment that she possessed the charged items and that they had been taken from the burglary victim's residence. Carson did not admit to participation in the burglary or taking the property. The State sought restitution, and after an evidentiary hearing, the district court ordered Carson to pay restitution in the amount of $8,072.84 for damages resulting from the burglary, including the cost to replace other stolen items not recovered and repair damage to the trailer. The district court's order concluded "the record and the inferences that may be drawn from it" established a causal relationship between Carson's criminal conduct and the following damages:

| | |
|---|---|
| Items in Denali, Trailer, or Ford Explorer, or his home/driveway (jack stands, floor jack, lawn chair with canopy, stun gun, garage door remotes, tool kit, brake controller, Denali registration and owner's manual, nebulizer pump and accessories, tie down straps, T-wrench and flat bar, back-up camera kit, trailer hitch lock, Savage bolt action rifle w/scope, 4 padlocks) | $1,232.29 |
| Fees paid to retrieve Denali from City impound | $180.00 |
| Keys and remotes for Denali | $210.00 |
| Key and remote for 2002 Ford Explorer | $380.00 |
| Re-key household locks | $135.55 |
| Lawn chairs left on the scene | $35.00 |
| Damage to trailer | $5,900.00 |

[¶ 4] Carson appeals, asserting she should not have been required to pay restitution resulting from the burglary when she had been convicted only of possessing stolen property.

II

[¶ 5] When reviewing a restitution order, we look to whether the district court acted "within the limits set by stat-

ute," which is a standard similar to our abuse of discretion standard. *State v. Gill*, 2004 ND 137, ¶ 5, 681 N.W.2d 832. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id.*

[¶ 6] In analyzing whether to order restitution, N.D.C.C. § 12.1-32-08(1)(a) requires the district court to consider the "reasonable damages sustained by the victim." These damages "are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action." *Id.* This Court has interpreted "directly related" and "direct result" in this section as requiring "an immediate and intimate causal connection between the criminal conduct and the damages or expenses for which restitution is ordered." *State v. Pippin*, 496 N.W.2d 50, 52-53 (N.D. 1993).

[¶ 7] In *Pippin*, the State charged Joan Pippin with possession of stolen property and charged her former husband with multiple counts of burglary. *Id.* at 51. Both pled guilty, and the district court ordered each of them to pay restitution for the damages incurred by the burglary victims. *Id.* at 52. Pippin appealed, arguing the victims' damages were not "directly related" to her crime of possession of stolen property and "their expenses were not a 'direct result' of her commission of that crime." *Id.* This Court agreed, stating, "In pleading guilty, Joan admitted only that she possessed certain items of property ... and no other property. There is insufficient evidence that, but for Joan's act of possession of that property, the other property was discarded, sold or otherwise disposed of." *Id.* at 53.

[¶ 8] The underlying facts here are in all material respects the same as in *Pippin*.

Carson pled guilty to possession of several stolen items. She was not charged with burglary, only theft under theories of unauthorized taking or possession of property. The transcript shows she pled guilty only to possessing the stolen items. The district court's order and both parties' briefs on appeal all state her conviction was for possession of stolen property, not theft by taking. The State argues that because she was found in possession of stolen property only two days after it had been stolen, an inference can be drawn that she was involved in the taking of the property and thus responsible for all items taken at the same time. The State, however, provides no authority that this inference is permissible in the context of restitution. *See In re Jakeem*, 2016 WL 3654264, at *11-12 (Md. Ct. Spec. App. 2016) (concluding "restitution ordered for stolen unrecovered property from the burglary constitutes an abuse of discretion" where adjudicated offense was possession of stolen property, not burglary). This Court has said in the context of sustaining a criminal conviction of theft that "[u]nexplained possession of recently stolen property permits an incriminating implication." *State v. Hogie*, 454 N.W.2d 501, 504 (N.D. 1990). Our precedents suggested such an inference be drawn in that context because the sufficiency of evidence was challenged, and our review of the record was "to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt." *State v. Nakvinda*, 2011 ND 217, ¶ 12, 807 N.W.2d 204 (citation omitted).

[¶ 9] The State could have sought restitution for temporary loss of use or physical damage to the rifles, ammunition, and tools, but it may not seek restitution for damages caused by the burglary or the criminal act of taking the property, crimes for which Carson was never convicted.

There is no assertion that Carson's possessing the stolen rifles, ammunition, and tools, by itself, resulted in failure to recover the other items, an impounded vehicle, lawn chairs being left at the burglarized home, or damage to the trailer. Accordingly, we conclude the district court exceeded the statutory limits on restitution awards in ordering restitution for those damages.

### III

[¶ 10] We reverse the restitution order and remand for a new order consistent with this opinion.

[¶ 11] Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.