Filed 2/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 45

State of North Dakota, Plaintiff and Appellee

v.

Aaron Bruce, Defendant and Appellant

No. 20170226

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Todd L. Cresap, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Marie A. Miller, Assistant State’s Attorney, Minot, N.D., for plaintiff and appellee.

Russell J. Myhre, Valley City, N.D., for defendant and appellant.

State v. Bruce

No. 20170226

McEvers, Justice.

[¶1] Aaron Bruce appeals from a district court’s amended criminal judgment awarding restitution.  We conclude the district court did not abuse its discretion by amending the criminal judgment awarding restitution in the amount of $7,157.20.  We affirm.

I

[¶2] In December 2015, the State charged Bruce with unlawful manufacturing, delivering, or possession with intent to deliver heroin; manslaughter; tampering in a criminal investigation; ingestion of a controlled substance; and theft of property.  The charges arose from an incident in July 2015.  In March 2017, pursuant to an agreement, the State amended the manslaughter charge to negligent homicide, and dismissed three of the charges.  Bruce pled guilty to negligent homicide and manufacturing, delivering, or possession with intent to deliver heroin.  The district court sentenced Bruce the same day.  The court left restitution open for 90 days.

[¶3] On March 17, 2017, the State moved the district court for restitution.  In May 2017, the court held a restitution hearing.  The State requested $6,165 for funeral expenses for Aidan Vanderhoef, the victim of the negligent homicide charge, $500 for a cell phone that was allegedly stolen from Vanderhoef, and $492.20 for his father’s transportation costs to and from the court proceedings.  The court ordered Bruce to pay restitution in the amount of $7,157.20.  Bruce appeals from the amended criminal judgment ordering him to pay restitution.

II

[¶4] Bruce argues the district court abused its discretion in ordering restitution for funeral expenses, a cell phone, and transportation costs to and from the court proceedings for Vanderhoef’s father.  Bruce also argues the district court abused its discretion when ordering restitution without considering his ability to pay.

When reviewing a restitution order, we look to whether the district court acted “within the limits set by statute,” which is a standard similar to our abuse of discretion standard.  “A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law.”

State v. Carson
, 2017 ND 196, ¶ 5, 900 N.W.2d 41 (citation omitted).

In analyzing whether to order restitution, N.D.C.C. § 12.1-32-

08(1)(a) requires the district court to consider the “reasonable damages sustained by the victim.”  These damages “are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant’s criminal action.”  This Court has interpreted “directly related” and “direct result” in this section as requiring “an immediate and intimate causal connection between the criminal conduct and the damages or expenses for which restitution is ordered.”

Carson
, at ¶ 6 (citations omitted).  “The court shall fix the amount of restitution or reparation, which may not exceed an amount the defendant can or will be able to pay.” N.D.C.C. § 12.1-32-08(1).  “The district court may order restitution as part of a criminal defendant’s sentence after a hearing on the matter.”  
State v. Putney
, 2016 ND 135, ¶ 6, 881 N.W.2d 663.

“[District] courts have a wide degree of discretion when determining restitution awards.”  In ordering restitution, the court shall consider: (1) the reasonable damages sustained by the victims, (2) the ability of the defendant to pay monetary reparations, and (3) the likelihood that attaching a condition relating to restitution will serve a valid rehabilitation purpose.  The State has the burden to prove the amount of restitution by a preponderance of the evidence.  “‘Evidentiary imprecision on the amount of damages does not preclude recovery.’”  “When the quantity of damages awarded ‘may be hard to prove, the amount of damages is to be left to the sound discretion of the finder of facts.’”

Id.
 (citations omitted).  In determining whether the district court abused its discretion through misapplication or misinterpretation of the law, we apply a de novo standard of review.  
State v. Kostelecky
, 2018 ND 12, ¶ 6 (relying on 
State v. Knox
, 2016 ND 15, 873 N.W.2d 664).

A

[¶5] Bruce argues the district court erred in ordering restitution for Vanderhoef’s funeral expenses when Vanderhoef’s father received money from a life insurance policy which he used to pay the expenses.  Bruce argued to the court that no funeral expenses were incurred under N.D.C.C. § 12.1-32-08(1)(a) because the expenses were paid by insurance proceeds.  

[¶6] In 
State v. Bingaman
, 2002 ND 210, ¶ 2, 655 N.W.2d 57, the defendant was convicted of manslaughter.  Another individual in the case was convicted of negligent homicide.  
Id.
 at ¶ 6.  This Court concluded medical and funeral expenses were a direct result of the two defendants’ criminal actions, as required by statute.  
Id.
 at
 
¶ 7.  The district court found the defendant would be able to pay the restitution amount, whereas the other individual with limited income, would not.  
Id. 
at ¶ 8.  The court concluded the defendant was responsible for 100 percent of the restitution owed to the family.  
Id.
 at ¶ 3.  This Court affirmed the court’s amended criminal judgment ordering restitution.  
Id.
 at ¶ 9.

[¶7] Here, Bruce was convicted of negligent homicide, the same conviction as one of the defendants in 
Bingaman
.  When Bruce entered his guilty plea, he admitted to providing negligent care to Vanderhoef that resulted in his death.  Vanderhoef’s father testified to the expenses of the funeral and supplied a receipt from the funeral home.  At the restitution hearing, the district court found “He paid $6,165 for a funeral.  You are not going to convince me, Counselor, that he didn’t have an expense.  He had the foresight to get insurance is to his benefit, and I am not to consider that.”  The court’s findings are supported by the record.  The funeral expenses were a direct result of the criminal actions of Bruce, as required by N.D.C.C. § 12.1-32-08(1)(a).  
See Bingaman
, 2002 ND 210, ¶ 7 (holding funeral expenses were a direct result of the defendant’s actions).  Bruce cited no authority that the receipt of life insurance proceeds changes the analysis of whether an expense is actually incurred as a direct result of the defendant’s criminal conduct.  The court did not err by ordering Bruce to pay $6,165 in restitution for the funeral expenses.

 

B

[¶8] Bruce argues the district court erred in ordering restitution for the travel expenses accumulated by Vanderhoef’s father.

[¶9] At the restitution hearing, the State argued Vanderhoef’s father was entitled to reimbursement for travel expenses under N.D.C.C. § 12.1-32-08(1)(a), as well as under the North Dakota Constitution.  The State has not cited to caselaw showing either the statutory or the constitutional provision entitles a victim to travel expenses to appear at hearings.  This issue appears to be a matter of first impression in North Dakota.

[¶10] Under the criminal restitution statute the district court must consider:

The reasonable damages sustained by the victim or victims of the criminal offense, which damages are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant’s criminal action.  This can include an amount equal to the cost of necessary and related professional services and devices relating to physical, psychiatric, and psychological care.  The defendant may be required as part of the sentence imposed by the court to pay the prescribed treatment costs for a victim of a sexual offense as defined in chapters 12.1-20 and 12.1-27.2.

N.D.C.C. § 12.1-32-08(1)(a). 

[¶11] Section 25(1)(n), N.D. Const. art. I, provides victims, “[t]he right to full and timely restitution in every case and from each offender for all losses suffered by the victim as a result of the criminal or delinquent conduct.”  This Court has recently analyzed the constitutional and statutory provisions regarding what constitutes reasonable restitution and concluded N.D. Const. art. I, § 25(1)(n) does not change the restitution that a district court may order under N.D.C.C. § 12.1-32-08(1)(a).  
State v. Kostelecky
, 2018 ND 12, ¶ 12. 

[¶12] All victims are entitled to “[t]he right to reasonable, accurate, and timely notice of, and 
to be present at, all proceedings involving the criminal or delinquent conduct
, including release, plea, sentencing, adjudication, and disposition, and any proceeding during which a right of the victim is implicated.”  N.D. Const. art. I, § 25(1)(g) (emphasis added). Furthermore, victims have “[t]he right to be heard in any proceeding involving release, plea, sentencing, adjudication, disposition, or parole, and any proceeding during which a right of the victim is implicated.  N.D. Const. art. I, § 25(1)(i).

As used in this section, a “victim” is a person who suffers direct or threatened physical, psychological, or financial harm as a result of the commission or attempted commission of a crime or delinquent act or against whom the crime or delinquent act is committed.  If a victim is deceased, incompetent, incapacitated, or a minor, the victim’s spouse, 
parent
, grandparent, child, sibling, grandchild, or guardian, and any person with a relationship to the victim that is substantially similar to a listed relationship, 
may also exercise these rights
.

N.D. Const. art. I, § 25(4) (emphasis added).  Here, it is obvious Vanderhoef was a victim of Bruce’s crimes.  However, N.D. Const. art. I, § 25(4) makes it clear if a victim is deceased, a victim’s parent may exercise these rights.  Therefore, Vanderhoef’s father is afforded the same rights, in this instance, as Vanderhoef would have been if he were not deceased.

[¶13] The question remains whether travel expenses may be claimed as a reasonable damage sustained by a victim, as this question has not previously been addressed by this Court.  Similar statutory and constitutional provisions have been interpreted in California.

[¶14] The facts here are similar to the facts in 
People v. Crisler
, 81 Cal. Rptr. 3d 887 (Cal. Ct. App. 2008), where the parents who attended a murder trial of the man who killed their son were awarded restitution for lost wages, parking fees, and mileage expenses incurred over the 15-day murder trial.  California’s statute for restitution and their state constitution are similar to ours, and provides victim restitution is “economic loss incurred as the result of the defendant’s criminal conduct.”  Cal. Penal  Code § 1202.4 subd. (f)(3) (West 2018).  Similarly, N.D.C.C. § 12.1-32-

08(1)(a) states “damages are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant’s criminal action.”  The defendant in 
Crisler
 argued the trial court abused its discretion by awarding restitution to the parents for lost wages, mileage, and parking fees because the parents did not testify at trial or otherwise assist the prosecution.  
Crisler
, 81 Cal. Rptr. 3d at 890.  The court disagreed, indicating the expenses would not have been incurred had the defendant not murdered their son.  
Id. 
at 891.  The court further reasoned, “[i]t is entirely reasonable that the parents of a murder victim will attend the murder trial in an attempt to gain some measure of closure and a sense that justice has been done.” 
Id.
 at 892.

[¶15] Here, Vanderhoef’s father would not have driven to and from court, but for Bruce’s criminal conduct.  Vanderhoef’s father “actually incurred” the expenses from driving to and from the court proceedings as a “direct result” of Bruce’s criminal actions.  Under either the statutory or the constitutional provision, Vanderhoef’s father was entitled to reasonable damages.  Therefore, the district court did not abuse its discretion, under these circumstances, when ordering restitution for travel expenses.

C

[¶16] Lastly, Bruce argues the district court did not consider his inability to pay restitution.  “The defendant has the burden to raise and prove an inability to pay restitution.”  
State v. Tupa
, 2005 ND 25, ¶ 14, 691 N.W.2d 579.  “Under the restitution statute, a restitution payment can be based on what one ‘can or will be able to pay,’ which implies a consideration of future factors.”  
Id. 
at ¶ 15.  Bruce may not currently be able to pay the ordered restitution, but that does not preclude him from being able to pay restitution in the future upon his release from prison.  
See id.
 (concluding the defendant may not currently possess the means to pay the set restitution but could seek gainful employment and begin repayment).

[¶17] The district court analyzed Bruce’s ability to pay under N.D.C.C. § 12.1-32-

08(1)(b), and did not deem it necessary to consider constitutional provisions on restitution.  The court indicated it understood Bruce had no assets going into his sentencing and that he would likely not earn much, if anything, during his time at the state penitentiary.  However, the court stated the amount was not outrageous and could be paid off once Bruce is released from prison and is on supervised probation. Bruce briefly indicated that he has no money and is not going to be able to get employment until at least 2022, when he is released.  In 
State v. Moos
, 2008 ND 228, ¶¶ 28-31, 758 N.W.2d 674, this Court concluded the court did not abuse its discretion when ordering restitution commencing after the defendant was released from prison. Bruce failed to prove an inability to pay the restitution once he is released.  
See id. 
(concluding the court did not abuse its wide degree of discretion when ordering restitution when the defendant failed to raise and prove an inability to pay).  Therefore, the court did not err when ordering restitution after considering Bruce’s ability to pay.

D

[¶18] Bruce raises another issue regarding restitution for a cell phone taken from the victim.  However, during oral argument to this Court, Bruce conceded the issue. Therefore, we will not address this argument.  
See Blume Const., Inc. v. State
, 2015 ND 285, ¶ 25, 872 N.W.2d 312; 
State v. Steen
, 2015 ND 66, ¶ 4, 860 N.W.2d 470. Under the facts of this case, we conclude the restitution is reasonable.

III

[¶19] We affirm the district court’s amended criminal judgment awarding restitution.

[¶20] Lisa Fair McEvers

Jerod E. Tufte

Daniel J. Crothers

Jon J. Jensen

Gerald W. VandeWalle, C.J.

Tufte, Justice, concurring specially.

[¶21] I agree with and have signed the majority opinion.  The district court awarded Vanderhoef’s father reasonable vehicle mileage for travel within the state to attend the trial of the crime in which his son was killed.  Although N.D. Const. art. I, § 25 permits parents and certain other relatives to exercise victim’s rights on behalf of a deceased victim, the right to restitution asserted by Vanderhoef’s father for funeral and travel expenses is an exercise of his own rights as a victim who suffered financial harm as a result of the commission of a crime.  It is within the district court’s discretion to award reasonable travel expenses to the father of a deceased victim to attend a trial.  It does not follow that every trial-related travel expense actually incurred by a crime victim’s relative must be included in a restitution award.  The district court’s discretion should be exercised in consideration of the number of relatives claiming restitution, the reasonable cost of each relative’s travel, and the overall reasonableness of each relative’s decision to attend trial in relation to the particular offense.

[¶22] Jerod E. Tufte

Daniel J. Crothers

Jon J. Jensen

Gerald W. VandeWalle, C.J.