Per Curiam.
 

 *775
 
 [¶ 1] Lorry Van Chase appeals from an order denying his application for post-conviction relief. He argues the district court erred by denying his application because he received ineffective assistance from his trial counsel and his trial counsel failed to disclose a conflict of interest. This Court previously reversed and remanded to the district court for an evidentiary hearing on the claims in Chase's application.
 
 Chase v. State
 
 ,
 
 2017 ND 192
 
 ,
 
 899 N.W.2d 280
 
 . Chase did not file a transcript of the evidentiary hearing with this Court on appeal. Under N.D.R.App.P. 10(b), an appellant is responsible for filing with this Court the transcript of any evidentiary hearings held in the case. A party's failure to provide a transcript of the proceedings in the district court may prevent the party from prevailing on appeal.
 
 See
 

 In re Hehn
 
 ,
 
 2015 ND 218
 
 , ¶ 22,
 
 868 N.W.2d 551
 
 ;
 
 State v. Clark
 
 ,
 
 2001 ND 194
 
 , ¶ 5,
 
 636 N.W.2d 660
 
 . We will decline to review an issue if the record does not allow for meaningful and intelligent review of the district court's alleged error.
 
 Clark
 
 , at ¶ 5. Because Chase did not file a transcript of the evidentiary hearing, we cannot conduct a meaningful and intelligent review of the alleged errors. We, therefore, summarily affirm under N.D.R.App.P. 35.1(a)(7).
 

 [¶ 2] Gerald W. VandeWalle, C.J.
 

 Jerod E. Tufte
 

 Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers