# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2019 ND 292

State of North Dakota,

Plaintiff and Appellee

v.

Chad Demonn Walker,

Defendant and Appellant

### No. 20190186

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Justin J. Schwarz, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Matthew J. Arthurs, Bismarck, ND, for defendant and appellant.

# State v. Walker

## No. 20190186

**Crothers, Justice.**

[¶1]   Chad Demonn Walker appeals from an amended judgment that included an order to pay restitution. We affirm.

I

[¶2]   On July 10, 2018, Bismarck Police Officer Marquis observed Chad Demonn Walker riding a 2013 red Honda motorcycle. The motorcycle did not have a license plate and matched the description of a motorcycle stolen in Minot. Officer Marquis conducted a traffic stop and confirmed the motorcycle was stolen by checking the vehicle identification number. Officer Marquis arrested Walker.

[¶3]   Walker pled guilty to theft for possession of a stolen motorcycle. The motorcycle owner filed a victim impact statement requesting restitution for the cost of repairing the motorcycle. A restitution hearing was held and an amended criminal judgment was entered, ordering Walker pay $2,410.69 in repairs for damage to the motorcycle.

[¶4]   Walker argues he pled guilty to possession of stolen property and was not accused of stealing  or  damaging the motorcycle. He further argues the damages are not related to his criminal offense and were not a direct result of his criminal action.

## II

[¶5]   The standard of review for restitution is well established.

> "When reviewing a restitution order, we look to whether the district court acted within the limits set by statute, which is a standard similar to our abuse of discretion standard. A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law."

*State v. Rogers*, 2018 ND 244, ¶ 23, 919 N.W.2d 193 (citing *State v. Bruce*, 2018 ND 45, ¶ 4, 907 N.W.2d 773 (internal citations and quotation marks omitted)). "The district courts possess a 'wide degree of discretion when determining restitution awards.'" *Rogers*, at ¶ 23 (citing *State v. Putney*, 2016 ND 135, ¶ 6, 881 N.W.2d 663). "But, 'in determining whether or not the district court abused its discretion through misapplication or misinterpretation of the law,' we apply a de novo standard of review." *Rogers*, at ¶ 23 (citing *State v. Kostelecky*, 2018 ND 12, ¶ 6, 906 N.W.2d 77). "A district court's award of restitution to a crime victim is made under N.D. Const. art. I, § 25(1)(n) and N.D.C.C. § 12.1-32-08." *Rogers*, at ¶ 23. "The 'State has the burden of proving the amount of restitution by a preponderance of the evidence.'" *Rogers*, at ¶ 23 (quoting *State v. Kleppe*, 2011 ND 141, ¶ 28, 800 N.W.2d 311). "When determining restitution, the district court must consider 'the reasonable damages sustained by the victim.'" N.D.C.C. § 12.1-32-08(1)(a); *Rogers*, at ¶ 23.

## III

[¶6]   Walker argues he pled guilty to possession of stolen property, and was not accused of stealing or damaging the motorcycle. He further argues the damages are not related to his criminal offense and were not a direct result of

2

his criminal action. Since restitution was based on estimated repair costs, he argues the restitution order must be reversed, or the case remanded to the district court for determination whether any expenses were unrelated to damages connected to the theft.

[¶7] The State argues the district court's order for restitution was proper because the guilt of theft may be inferred from defendant's unexplained possession of the stolen motorcyle, and a causal connection exists between the criminal conduct and damage to the motorcycle. We affirm the restitution order.

[¶8] Section 12.1-32-08(1), N.D.C.C., in pertinent part states, "the court shall take into account: a. The reasonable damages sustained by the victim or victims of the criminal offense, which damages are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action."[1]

[¶9] In *State v. Pippin*, the State charged Joan Pippin with posession of stolen property and charged her former husband with burglary. 496 N.W.2d 50, 51 (N.D. 1993). Both pled guilty and the district court ordered they jointly and severally pay restitution of damages incurred by the burglary victims. *Id.* at 52. Pippin appealed, arguing her restitution was unlawful and should be reversed because the damages incurred by the burglary victims were not "directly related" to her crime of possession of stolen property and therefore were not a "direct result" of the commission of the crime. *Id.* This Court agreed, holding the restitution order violated N.D.C.C. § 12.1-32-08(1)(a), and the

---

[1] N.D.C.C. 12.1-32-08(1) was amended in 2019 after Walker was charged and before his appeal was heard. S.L. 2019, ch. 117 (H.B. 1252), § 2. The previous version is quoted in this opinion.

record did not indicate whether any of the stolen property possessed by Pippin was returned damaged or whether any damages were sustained as a result of temporary loss of use. *Id*. at 53. "Those damages, if any, and any others with a sufficient causal connection to Joan's offense, are the losses for which Joan may be ordered to make restitution." *Id*.

[¶10] In *State v. Carson*, the defendant pled guilty to possession of stolen property which included four rifles, ammunition, and tools. 2017 ND 196, ¶ 3, 900 N.W.2d 41. Other items also were stolen from the victims, including two vehicles and an enclosed trailer. *Id*. at ¶ 2. The district court ordered Carson to pay restitution for other items stolen or damaged during a burglary for which she was not convicted. *Id*. at ¶ 1. This court held, "The State could have sought restitution for temporary loss of use or physical damage to the rifles, ammunition, and tools, but it may not seek restitution for damages caused by the burglary or the criminal act of taking the property, crimes for which Carson was never convicted." Further, this Court stated, "There is no assertion that Carson's possessing the stolen rifles, ammunition, and tools, by itself, resulted in failure to recover the other items . . . or damage to the trailer." *Id*. at ¶ 9.

[¶11] Unlike *Pippin*, where the record did not indicate whether any of the stolen property possessed by Pippin was returned damaged, here the motorcycle possessed by Walker was returned damaged. The record includes a commercial repair estimate of $2,410.69 for the parts and labor required to fix the motorcycle.

[¶12] This case also is unlike *Carson*, where this Court concluded restitution was improper. In *Carson*, "[t]he State could have sought restitution for temporary loss of use or physical damage to [the items which Carson plead guilty to possessing]." *Carson*, 900 N.W.2d at ¶ 9. Here, Walker pled guilty to

4

possession of a stolen motorcycle. When returned, the motorcycle was physically damaged. Repairs included replacing multiple covers, two turn signals, fuel tank, and installing a missing heat shield. The damage to the motorcycle was directly related to the criminal offense, and it could reasonably be inferred that damage was caused during possession of the stolen property.

[¶13] Walker argues he was not given the opportunity to contest whether he stole or damaged the motorcycle at a jury trial. We can review an issue only if the record allows for meaningful and intelligent consideration of the district court's alleged error. *Chase v. State*, 2018 ND 154, ¶ 1, 913 N.W.2d 774. An appellant is responsible for providing this Court with the transcript of an evidentiary hearing. N.D.R.App.P. 10(b); *Chase* at ¶ 1. A party's failure to provide a transcript may prevent the party from prevailing on appeal. *Id.* Here, we cannot conduct a meaningful and intelligent review of the alleged error because no transcript was provided from the restitution hearing.

IV

[¶14] We affirm the district court's amended judgment ordering Walker to pay restitution.

[¶15] Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.

5