# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 151

State of North Dakota,                                    Plaintiff and Appellee

     v.

Mackenzie Marie Harstad,                         Defendant and Appellant

No. 20190400

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Megan J. K. Essig, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Rhiannon L. Gorham, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Mackenzie Harstad appeals from a district court's judgment ordering restitution for unrecovered personal property.  The personal property was in a vehicle at the time the vehicle was stolen, but was not in the vehicle seven days later when Harstad was arrested for, and charged with, possession of the stolen vehicle.  Harstad was not charged with the theft of the vehicle.  Harstad argues the district court abused its discretion by ordering restitution for the unrecovered personal property because there is no immediate and intimate causal connection between the criminal conduct and the loss of the personal property.  We reverse and remand for a redetermination of the amount of restitution.

I

[¶2]   Harstad was charged with and pleaded guilty to possession of a stolen vehicle, in violation of N.D.C.C. § 12.1-23-02(3).  The State sought an order for restitution for towing expenses and the value of missing gas, a license plate, and several unrecovered items of personal property located in the victim's vehicle at the time the vehicle was stolen.

[¶3]   Harstad agreed to restitution for the towing expenses and the value of the gas and license plate, but contested the imposition of restitution for the unrecovered items of personal property.  Harstad argued she could not be held responsible for the missing personal property because she was only convicted of possessing the stolen vehicle and there is no immediate and intimate causal connection between her criminal conduct of possessing the stolen vehicle and the loss of the personal property.  The district court ordered Harstad to pay restitution in the amount of $2,104, which included the value of the unrecovered items of personal property.  Harstad appealed the court's restitution award.

[¶4] Harstad argues the district court abused its discretion in awarding restitution for the unrecovered property in the vehicle at the time the vehicle was stolen. District courts possess a wide degree of discretion when determining restitution awards. *State v. Walker*, 2019 ND 292, ¶ 5, 936 N.W.2d 45 (citing *State v. Rogers*, 2018 ND 244, ¶ 23, 919 N.W.2d 193). "A district court's award of restitution to a crime victim is made under N.D. Const. Art I, § 25(1)(n) and N.D.C.C. § 12.1-32-08." *Id.*

[¶5] "In analyzing whether to order restitution, N.D.C.C. § 12.1-32-08(1)(a) requires the district court to consider the 'reasonable damages sustained by the victim.'" *State v. Carson*, 2017 ND 196, ¶ 6, 900 N.W.2d 41. Section 12.1-32-08(1), N.D.C.C., limits damages to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action. This Court has interpreted "directly related" and "direct result" as requiring an immediate and intimate causal connection between the criminal conduct and the damages or expenses for the restitution imposed upon the defendant. *Carson*, at ¶ 6 (quoting *State v. Pippin*, 496 N.W.2d 50, 52-53 (N.D. 1993)).

[¶6] "Section 25(1)(n), N.D. Const. Art I, provides crime victims, '[t]he right to full and timely restitution in every case and from each offender for all losses suffered by the victim as a result of the criminal or delinquent conduct.'" *State v. Bruce*, 2018 ND 45, ¶ 11, 907 N.W.2d 773. Section 25(1)(n) does not change the restitution that a district court may order under N.D.C.C. § 12.1-32-08(1)(a). *Id.* (citing *State v. Kostelecky*, 2018 ND 12, ¶ 12, 906 N.W.2d 77).

[¶7] When reviewing a restitution order, we look to whether the district court acted within the limits set by statute, which is a standard similar to our abuse of discretion standard. *Kostelecky,* 2018 ND 12, ¶ 6, 906 N.W.2d 77 (quoting *State v. Tupa*, 2005 ND 25, ¶ 3, 691 N.W.2d 579). "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasonable determination, or if it misinterprets or misapplies the law." *Id.* We review questions of law de novo in determining whether the district court

abused its discretion through misapplication or misinterpretation of the law. *Id.*

III

[¶8]   Harstad argues the district court ordering restitution for unrecovered personal property located in the vehicle at the time the vehicle was stolen goes beyond the limits set by N.D.C.C. § 12.1-32-08(1).  She asserts the loss of the personal property is not "directly related" to or a "direct result" of her possession of the stolen vehicle because an immediate and intimate causal connection does not exist between her criminal conduct of possessing the stolen vehicle and the loss of the personal property.

[¶9]   This Court has previously held that a defendant convicted of possession of stolen property cannot be held liable to make restitution for losses a victim incurred as a result of a burglary, committed by someone other than the defendant, including unrecovered personal property and cash.  *State v. Pippin*, 496 NW.2d 50, 53 (N.D. 1993).  In *Pippin*, this Court reversed a restitution order requiring a defendant, who was convicted of possessing stolen property from a burglary, to pay damages for unrecovered property from the same burglary which was not in the possession of the defendant.  *Id*.  We did recognize the defendant could be held liable if stolen property in the defendant's possession was returned damaged to its owners or damages were sustained as result of temporary loss of use of the property.  *Id*.  Our holding in *Pippin* was guided by our conclusion there was not an immediate and intimate causal connection between the criminal conduct of possessing stolen property and the loss of other personal property during the burglary.  *Id*.

[¶10] The State argues our decision in *Pippin* supports the restitution ordered in this case because a connection between Harstad and the unrecovered personal property can be reasonably inferred from the record.  The State argues this Court recognized that a sufficient inference of a connection can arise when the property possessed by the defendant once contained the items which were not recovered.  In this case, the State contends the inference of a connection arises because the unrecovered personal property was inside the

3

vehicle when it was stolen.  The State cites to the following discussion in *Pippin* as support for its argument:

> The damages for the unrecovered property are not immediately connected to Joan's conduct.  Moreover, a close causal connection between Joan's act and the missing property cannot reasonably be inferred from the record.  For example, the record does not show that one or more of the items Joan possessed once contained other items which were not recovered.  *See State v. Mead*, 67 Wash.App. 486, 836 P.2d 257 (Wash.Ct.App. 1992) [reasonable to infer from possession of display cases in which coin collection was kept, that loss of coins resulted from possession].

*Pippin*, 496 NW.2d 50, 53 (N.D. 1993).

[¶11]  Our reference of the Washington Court of Appeals decision in *Mead* was not part of the holding necessary for our decision in *Pippin*, was dictum, and lacks formal precedential value.  We also note the Washington Court of Appeals subsequently distinguished its decision in *Mead* from a case involving circumstances similar to those presented in this case.  *State v. Tetters*, 81 Wash.App. 478, 914 P.2d 784 (Wash.Ct.App. 1996) (concluding the damages for unrecovered personal property originally located in a stolen vehicle were not directly related to the possession of the stolen vehicle).  We decline to extend our prior reference to the Washington Court of Appeals decision in *Mead* to the facts of this case.

[¶12] The State also cites to our recent decision finding a sufficient connection between the criminal conduct of possessing stolen property and damage to that same property.  *State v. Walker*, 2019 ND 292, ¶ 12, 936 N.W.2d 45.  In *Walker*, this Court affirmed a restitution order requiring the defendant, who was convicted of possessing a stolen motorcycle, to pay restitution for the damages to the motorcycle.  *Id*.  We concluded the district court acted within limits set by N.D.C.C. § 12.1-32-08(1) because the restitution was for damages to the property that the criminal offense was based on.  *Id*.  Citing *Pippin*, we recognized damage to the stolen property possessed by the defendant or compensation for the loss of the use of the stolen property was sufficiently

4

connected to the criminal act to support an order for restitution. *Id.* at ¶ 9. We decline to extend our holding in *Walker* to the circumstances of this case.

[¶13] Section 12.1-32-08(1), N.D.C.C., limits restitution in this case to the loss that was directly related to Harstad's criminal conduct, the possession of the stolen vehicle. There is nothing in the record to indicate an immediate causal connection between the unrecovered items in the vehicle at the time it was stolen and Harstad's conviction for possession of the stolen vehicle. We conclude the district court abused its discretion awarding restitution for the unrecovered property located in the vehicle at the time the vehicle was stolen.

## IV

[¶14] The district court abused its discretion awarding restitution for the unrecovered property located in the vehicle at the time the property was stolen. We reverse the district court's judgment and remand for a determination of the appropriate amount of restitution, excluding the unrecovered property located in the vehicle at the time the vehicle was stolen.

[¶15] Jon J. Jensen, C.J.
Lisa Fair McEvers
Daniel J. Crothers
Gerald W. VandeWalle
Jerod E. Tufte

5