FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
OCTOBER 26, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 202

State of North Dakota,

Plaintiff and Appellee

v.

Manuel Gonzales,

Defendant and Appellant

## No. 20230129

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable James S. Hill, Judge.

REVERSED.

Opinion of the Court by Crothers, Justice.

Chase R. Lingle, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Manuel Gonzales appeals a district court order and amended judgment claiming the restitution ordered by the district court was not directly related to the crime to which he pleaded guilty. We reverse.

[¶2]   Gonzales pleaded guilty to unlawful use of personal identifying information. The district court ordered Gonzales to make restitution of $556.00 for the value of property stolen from the victim's vehicle, which included $500.00 cash in a wallet, $45.00 to replace the wallet, and $11.00 to replace an ATM card and driver's license.

[¶3]   "When reviewing a restitution order, we look to whether the district court acted within the limits set by statute, which is a standard similar to our abuse of discretion standard." *State v. Harstad*, 2020 ND 151, ¶ 7, 945 N.W.2d 265. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasonable determination, or if it misinterprets or misapplies the law." *Id.*

[¶4]   "In determining the amount of restitution, the court shall take into account the reasonable damages sustained by the victim or victims of the criminal offense, which damages are limited to those directly related to the criminal offense and expenses actually sustained as a direct result of the defendant's criminal action." N.D.C.C. § 12.1-32-08(4); *see State v. Pippin*, 496 N.W.2d 50, 53 (N.D. 1993) (restitution requires "an immediate and intimate causal connection between the criminal conduct and the damages or expenses for which restitution is ordered"); *State v. Carson*, 2017 ND 196, ¶ 6, 900 N.W.2d 41 (restitution damages are limited to damages "directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action"); *Harstad*, 2022 ND 106, ¶ 13 (there is no "immediate causal connection between unrecovered" property from a car and a conviction of possession of a stolen vehicle).

[¶5]   Here, the district court misapplied the law and abused its discretion by ordering restitution for the victim's loss from theft when Gonzales pleaded guilty to unauthorized use of personal identifying information. No evidence at the restitution hearing supported, and no part of restitution ordered by the court, was directly related to Gonzales' conviction for unauthorized use of personal identifying information. We reverse the order and amended judgment.

[¶6]   Jon J. Jensen, C.J.
         Daniel J. Crothers
         Lisa Fair McEvers
         Jerod E. Tufte
         Douglas A. Bahr