# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 167

State of North Dakota,

Plaintiff and Appellee

v.

Ladarius T. Miller,

Defendant and Appellant

## No. 20240039

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lolita G. Hartl Romanick, Judge.

REVERSED.

Opinion of the Court by Crothers, Justice.

Megan J. Kvasager Essig, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee; on brief.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant; on brief.

**State v. Miller**
**No. 20240039**

**Crothers, Justice.**

[¶1]     Ladarius Miller appeals from an order granting the State's motion for restitution. Miller argues the district court abused its discretion when it imposed extradition costs as restitution for the theft of property crime he committed. We reverse, holding the court misapplied the law when it ordered extradition costs as restitution because those expenses are not directly related to, or incurred as a direct result of, the criminal conduct Miller committed. We also hold imposition of extradition expenses as a cost of the prosecution is not permissible because it would contravene Miller's binding plea agreement.

I

[¶2]     The State charged Miller with theft of property and deceptive writings, alleging he used falsified paystubs to purchase a vehicle from an automotive dealership in Grand Forks. The State issued a warrant for Miller's arrest, and the Grand Forks County Sheriff's Department apprehended Miller in Oregon and returned him to Grand Forks. Miller pleaded guilty to theft of property. Under the terms of the plea agreement, Miller agreed to serve a term of imprisonment, pay various fees, pay $800 in restitution, and to leave restitution open for sixty days. The district court entered judgment sentencing Miller according to the terms of the agreement. The State subsequently moved for additional restitution for costs associated with extraditing Miller from Oregon, including a two-day salary for the transporting officer, airline tickets, hotel expenses, rental car expenses, meals, and parking fees. Following a restitution hearing, the district court granted the State's motion and ordered Miller to pay $2,435.91 in restitution to Grand Forks County. Miller appeals.

II

[¶3]     Miller argues the district court erred when it ordered restitution for extradition expenses because the State is not a victim of his crime and the costs of extradition are not related to his criminal conduct.

[¶4]     Victims of crime have a constitutional right "to full and timely restitution in every case and from each offender for all losses suffered by the victim as a result of the criminal or delinquent conduct." N.D. Const. art. I, § 25(1)(n). Section 12.1-32-02(1)(e), N.D.C.C., authorizes the district court to order restitution "for damages resulting from the commission

1

of the offense." When ordering restitution, the court is required to "take into account the reasonable damages sustained by the victim," and must limit its order to damages that are "directly related to the criminal offense and expenses actually sustained as a direct result of the defendant's criminal action." N.D.C.C. § 12.1-32-08(4).

[¶5]    When deciding an appeal from a restitution order, we apply the following standard of review:

> "[W]e look to whether the district court acted within the limits set by statute, which is a standard similar to our abuse of discretion standard. A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law."

*State v. Bruce*, 2018 ND 45, ¶ 4, 907 N.W.2d 773 (internal quotations and citations omitted) (quoting *State v. Carson*, 2017 ND 196, ¶ 5, 900 N.W.2d 41). Statutory interpretation presents a question of law that is fully reviewable on appeal. *State v. McCreary*, 2021 ND 212, ¶ 8, 967 N.W.2d 447.

> "Our primary goal in interpreting statutes is to ascertain the Legislature's intentions. In ascertaining legislative intent, we first look to the statutory language and give the language its plain, ordinary and commonly understood meaning. We interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage. When a statute's language is ambiguous because it is susceptible to differing but rational meanings, we may consider extrinsic aids, including legislative history, along with the language of the statute, to ascertain the Legislature's intent. We construe ambiguous criminal statutes against the government and in favor of the defendant."

*State v. Gaddie*, 2022 ND 44, ¶ 17, 971 N.W.2d 811 (quoting *McCreary*, at ¶ 8).

A

[¶6]    The State asserts Miller cannot challenge the restitution order because he failed to request a hearing as required by N.D.C.C. § 12.1-32-08(3), which provides:

> "The defendant may challenge restitution but must do so by requesting a hearing within thirty days of being served with the written notification of the amount of restitution requested. The hearing request must be made in writing and filed with the court. If no hearing is requested, the court may enter a

2

judgment ordering restitution. A defendant may not challenge restitution after the thirty-day time period has passed."

The district court allowed Miller to contest restitution in this case, finding the State failed to provide Miller with notice of the N.D.C.C. § 12.1-32-08(3) thirty-day deadline. The court also noted the State itself requested a hearing and reasoned "it is not unreasonable for the Defendant to assume the matter would be addressed at a hearing and it is illogical to require him to request a hearing when one was already set." We agree. The law does not require idle acts. N.D.C.C. § 31-11-05(23). Under these circumstances, Miller is not precluded from challenging the restitution order for failure to request a hearing.

B

[¶7]    Miller argues the district court's order for restitution is impermissible because the costs of extradition are not related to the crime he pleaded guilty to committing.

[¶8]    Under N.D.C.C. § 12.1-32-08(4), restitution must be limited to reasonable damages "directly related" to the offense or expenses sustained as a "direct result" of the defendant's criminal action. We have interpreted this language to mean "an immediate and intimate causal connection between the criminal conduct and the damages or expenses for which restitution is ordered." *Carson*, 2017 ND 196, ¶ 6, (quoting *State v. Pippin*, 496 N.W.2d 50, 52-53 (N.D. 1993)); *see also State v. Gonzales*, 2023 ND 202, ¶ 4-5, 997 N.W.2d 97 (reversing restitution order for property stolen from vehicle after conviction for unlawful use of personal identifying information); *State v. Harstad*, 2020 ND 151, ¶ 14, 945 N.W.2d 265 (reversing restitution order for unrecovered personal property after conviction for possession of a stolen vehicle); *Bruce*, 2018 ND 45, ¶ 7, (affirming restitution order for funeral expenses after conviction for negligent homicide).

[¶9]    The State relies on *State v. Rogers*, 2018 ND 244, 919 N.W.2d 193, for the proposition that extradition costs may be awarded as restitution for criminal conduct. The State reads *Rogers* too broadly. There a defendant was charged with gross sexual imposition and failed to appear at trial. *Id.* at ¶ 2. He was extradited from Thailand and charged with bail-jumping. *Id.* He pleaded guilty to both charges, and the district court ordered he pay restitution for the costs of extradition. *Id.* at ¶ 23. He argued on appeal that imposition of restitution for extradition costs in the GSI case was legal error. *Id.* We affirmed the restitution order because he pleaded guilty to bail jumping in addition to GSI. *Id.* at ¶ 25 ("Our holdings in *Carson* and *Pippin* do not preclude restitution here. Rogers pled guilty to both the GSI and the bail-jumping charges."). The cost of extraditing the

defendant was directly related to the criminal act of bail-jumping in the GSI case. *See id.* ("It was his criminal action of fleeing from the GSI prosecution that *directly resulted* in the bail-jumping charge and the cost to return him for trial.") (emphasis in original). We did not hold extradition costs may be ordered as restitution for criminal conduct any time such costs are incurred.

[¶10]  Unlike *Rogers,* the extradition costs in this case are not directly related to Miller's criminal conduct. First, there is no evidence Miller fled the state with the requisite criminal intent to support some type of criminal charge related to him leaving the state. Nor did the State bring such a charge. The criminal conduct committed in this case was theft of property by deception. The costs incurred by law enforcement for the salary of an officer, airline tickets, hotel expenses, rental car expenses, meals, and parking fees are, at most, *indirectly* related to the criminal conduct Miller pleaded guilty to committing. An indirect connection is not sufficient. Our law requires a "direct" connection, which we have consistently interpreted to mean "an immediate and intimate causal connection." *See supra,* at ¶ 8. The district court erred as a matter of law when it ordered Miller to pay restitution for costs incurred by the County that are not directly related to his criminal conduct or incurred as a direct result of it. Having determined restitution for extradition costs is impermissible in this case, we need not address Miller's argument that the County of Grand Forks is not a victim of his crime.

C

[¶11]  The State asserts imposition of extradition costs was permissible because the district court is authorized to impose costs of a person's prosecution as a sentencing alternative.

[¶12]  Under N.D.C.C. § 12.1-32-02, the district court generally must impose "one or a combination of the following alternatives" when sentencing a criminal defendant. These alternative punishments include probation, imprisonment, a fine, restitution, and "[p]ayment of the reasonable costs of the person's prosecution." *Id.* This Court has determined imposition of costs of prosecution as part of a criminal sentence is constitutional. *See State v. Marinucci*, 321 N.W.2d 462, 467 (N.D. 1982) (affirming district court award of $600 in costs against a defendant for travel expenses of State's witnesses).

[¶13]  Although the district court labeled the costs of extradition it imposed "restitution" in its order and judgment, the court cited N.D.C.C. § 12.1-32-02(1)(a) and explained "reasonable costs of prosecution include extradition costs." We agree imposition of prosecution costs is a sentencing alterative available to the court. But we disagree the court

4

was authorized to impose prosecution costs in this case. Miller entered a binding plea agreement with the State. Miller agreed to a specific term of imprisonment, various fees, and to leave the question of restitution open. In exchange, the State agreed to dismiss a charge for issuing a deceptive writing. The court accepted Miller's plea and entered judgment. The court was not authorized to later add the costs of prosecution as an additional punishment. *See State v. Fischer*, 2024 ND 29, ¶ 14, 3 N.W.3d 142 (stating a court is generally bound by the terms of a plea agreement it has accepted); *see also* N.D.R.Civ.P. 11(c)(5) (stating if the court rejects a binding plea it must give the defendant an opportunity to withdraw the plea). We reject the State's contention that imposition of extradition expenses was permissible as a cost of prosecution in this case.

III

[¶14] The district court misapplied the law when it ordered Miller to pay $2,435.91 in restitution for extradition expenses because those expenses are not related to the criminal conduct Miller committed. The imposition of extradition expenses as a cost of the prosecution is not permissible because it would contravene Miller's binding plea agreement. The restitution order is reversed.

[¶15]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr