# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 175

Amanda Marie Corey,                                    Petitioner and Appellee

v.

Patricia Suba Kenneh,                                  Respondent and Appellant

### No. 20250239

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Theodore Sandberg, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Amanda M. Corey, self-represented, Grand Forks, ND, petitioner and appellee; submitted on brief.

Patricia S. Kenneh, self-represented, Grand Forks, ND, respondent and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   Patricia Kenneh appeals from a district court order granting Amanda Corey's petition, on behalf of her minor child, K.B.L.C., for a disorderly conduct restraining order (DCRO) against Kenneh. Kenneh argues generally there was insufficient evidence to support the issuance of the DCRO, there was no physical evidence to support the petition, and the court should have found her more credible. Corey argues the court did not err as reasonable grounds existed showing Kenneh made repeated threats with the intent to intimidate K.B.L.C. and both parties were given the opportunity to testify and present evidence. Corey further argues this appeal is moot as the DCRO will expire before this Court issues its decision. We affirm.

I

[¶2]   We consider the threshold issue of mootness before reaching the merits of an appeal. *In re M.R.*, 2022 ND 68, ¶ 3, 972 N.W.2d 94. "[A]n appeal will be dismissed if the issues become moot . . . leaving no actual controversy to be determined." *Id*. "An appeal is not moot if the district court's decision continues to have collateral consequences for the appealing party." *Id*. (cleaned up). This Court declines to review an issue if the record does not allow for meaningful and intelligent review of the district court's alleged error. *Chase v. State*, 2018 ND 154, ¶ 1, 913 N.W.2d 774.

[¶3]   The case citations Corey relies on in her brief to support her mootness argument lead to either different, irrelevant cases from those cited or to no case at all. Because Corey provides only non-existent case law and we are unable to discern on this record whether collateral consequences exist, we decline to dismiss this appeal as moot.

II

[¶4]   On the merits of Kenneh's arguments, we preface our discussion of sufficiency of the evidence by noting the lack of a transcript on appeal. *See*

N.D.R.App.P. 10(b)(1) (requiring appellant to order transcript of evidentiary hearings). It is the appellant's responsibility to obtain a transcript and they must bear any consequences for failing to provide a transcript on appeal. *Farm Credit Bank of St. Paul v. Brakke*, 512 N.W.2d 718, 720 (N.D. 1994). The lack of a transcript on appeal may preclude meaningful review. *Buchholz v. Mayo*, 2022 ND 226, ¶ 1, 982 N.W.2d 526.

[¶5]   Here, Kenneh did not provide any citations to the record, and the lack of a transcript precludes meaningful review. *See Hoever v. Wilder*, 2024 ND 58, ¶ 5, 5 N.W.3d 544 (noting we will not engage in unassisted searches of the record for evidence to support a litigant's position).

### III

[¶6]   We affirm.

[¶7]   Jon J. Jensen, C.J.
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte
  Douglas A. Bahr